## HENRY MAGRUDER v. THE STATE.

### No. 3053.    Decided December 17, 1904.

**1.—Assault to Murder—Practice On Appeal—Affidavits.**

Affidavits filed as original papers in the Court of Criminal Appeals, not raising any jurisdictional fact, but attacking the statement of facts and some bills of exception as incorrect, can not be considered in said court.

**2.—Argument of Counsel—Allusion to Injured Party.**

Where the State's council, in his address to the jury, alluded to the fact that the poor injured woman was then in her bed from wounds inflicted by the defendant; and the judge's certificate to the appellant's bill of exceptions stated that the evidence showed that the State had to go to trial without this witness on account of the fact that she was confined to her bed from wounds inflicted by defendant, and was so confined to her bed at the time of the trial and unable to attend the same, there was no error.

**3.—Absence of Counsel—Bill of Exceptions—Certificate of Judge.**

Where appellant's bill of exceptions alleged that his counsel was absent when the case was called for trial, asking postponement of the trial on account of such absence, was qualified by the judge's certificate that the council referred to as being absent had stated to the judge, upon his return, that he had never been employed by the defendant and that no one was authorized to make such representation to the court, there was no error in refusing a postponement of the trial.

**4.—Charge of Court—Using Masculine For Feminine.**

A charge of the court which in referring to the name of a female used the pronoun "him" for that of "her," which latter should have been used, could not have misled the jury.

**5.—Evidence—Venue—Bill of Exceptions.**

The recent act of the Legislature requires that where it is contended that the venue has not been proved, the issue must be raised by bill of exceptions, however, the judge certifies in the statement of facts that the venue was proved as alleged in the indictment and there was no error.

**6.—Same—Name of Defendant—Surname.**

Where a State's witness was questioned with reference to the defendant, his full name being used in the question propounded, and the reply of the witness was in regard to his actions and assault upon the party assaulted calling his surname as the party making the assault, the name of defendant is sufficiently proven.

Appeal from the District Court of McLennan. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of assault with intent to murder; penalty, fifteen years confinement in the penitentiary.

The evidence showed that the injured party, Mattie Smith, while sitting in the depot awaiting a train, was assaulted by defendant with a knife two and one-half inches long and severely cut by him, the witness using the expression, "butchered up like a hog," cut on the shoulders, elbows, side and back, and had eleven cuts on her person; one cut was

Vol. 47 Crim.—30.

almost to the bone around the arm, and another just below the heart, etc.
A policeman rushed to her rescue and arrested the defendant. The as-
saulted party, a grown woman, was making no resistance and was not
armed and sitting down when attacked. She was still confined to her
bed from these wounds inflicted by defendant. There was no evidence
for the defendant. In connection with the opinion this states the case.

*James E. Yeager,* for appellant.—On question of want of proof of
defendant's name: Reid v. State, 9 Texas Crim. App., 472; Stewart
v. State, 31 Texas Crim. Rep., 153.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault
with intent to murder, his punishment fixed at fifteen years confinement
in the penitentiary.

There are some affidavits filed as original papers in this court, at-
tacking the statement of facts as incorrect and some bills of exception.
These can not be considered. They do not raise any jurisdictional fact.
This is not a trial but an appellate court.

Bill of exceptions number 1 complains of this language used by coun-
sel for the State in his argument: "The poor woman is now in bed
from her wounds, and has been ever since she was cut by this defendant."
It is objected there was no such testimony before the jury, and the state-
ment would likely influence the jury adversely to appellant out of sym-
pathy for the assaulted party. The court, however, qualifies this bill
by stating that the evidence showed that the woman whom the defendant
is charged with having wounded, was severely cut by defendant on the
date the offense is alleged to have been committed; that she was con-
fined to her bed from the effect of it and has continued to be so con-
fined up to the time of the trial; and that she was in such condition that
she was unable to attend court to appear as a witness in the case; the
State having gone to trial in her absence, having other eye-witnesses
to the alleged offense. The bills and record are in this condition, and
not attacked in any way in the lower court.

Bill number 2 urges reversal objections because counsel who had
been employed by appellant was not present, but was out of the city
and would be back in a day or two; that the attorney who made this
statement to the court was not employed to represent defendant, and
was not familiar with the facts; and that defendant was really without
an attorney, and for the reasons stated asked that the case be continued
for a day or two, until the attorney could return. This bill is qualified
by the court to the effect: "Mr. Hamilton, the lawyer referred to as
being absent, stated to the court upon his return that he had never been
employed by defendant, nor any one else to represent him; that no one
was authorized to make any such representation to the court." In ad-
dition the court says: "Defendant came into open court ten days be-

fore his case was called, and was asked by the court if he had any witnesses; he stated that he did, and gave them to the court. The court had them summoned and they were present at the time of the trial, and Jas. F. Yeager, Esq., who volunteered to represent defendant, consulted each of said witnesses and announced to the court that they knew absolutely nothing about the case, and excused them in the presence and hearing of the defendant. The court also informed defendant at the time he was brought before the court, if he wanted a lawyer he had better make his arrangements before the day set for hearing, as the court expected to try the case at that time. Counsel who represents defendant upon trial claims that defendant told him he had employed Mr. Hamilton." As this bill presents the matter, with the qualification of the judge, there is no error. Mr. Hamilton was not employed by defendant, therefore he could not ask a continuance or postponement until his return.

The charge of the court is criticised because, in submitting the issue to the jury, the court used the word "him" for "her," the assaulted party being a woman. The language in this connection is as follows: "If you are satisfied beyond a reasonable doubt that defendant, Henry Magruder * * * with a deadly weapon or instrument reasonably calculated and likely to produce death, or serious bodily injury from the manner in which it was used, and with malice aforethought, did assault the said Mattie Smith, with the specific intent then and there to kill and murder him by the means charged in the indictment, then you will find defendant guilty of assault with intent to murder." As before stated, the criticism is on the use of the word "him" where "her" should have been used. The charge is sufficiently plain for the jury to understand, and they were not misled about it. The criticism is hypercritical.

It is contended the State failed to prove venue. There was no issue of this sort raised, as required by the recent act of the Legislature, by bill of exceptions. Besides, the court certifies in the statement of facts that time, venue and name of the alleged injured party were proved as alleged in the indictment. It is also contended that the evidence fails to show the name of the defendant was proved on the trial. The evidence in this respect is as follows: "Maggie Majors, sworn for State, testified as follows:. Q. There is an indictment here against one Henry Magruder charging him with assault with attempt to murder Mattie Smith, on or about the 17th of September, this year. Tell all you know about it. A. She and I were sitting down in the depot; she had started to her brother's to pick cotton, and we were sitting on a seat in the depot, and we were side by side; and the man came right on in and I was so frightened and scared and halloaing, I did not know what to do." Then follows a detailed statement of the facts in connection with the assault. The question and answers taken together with the further statement that Magruder came into the depot and looked about for her and butchered her up, it occurs to us, sufficiently shows the name of the accused. The witness was questioned with reference to the defend-

ant by name, and her reply was in regard to his actions and assault in the depot upon the woman, calling his name as the assaulting party. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 18, 1905.

DAVIDSON, PRESIDING JUDGE.—The judgment herein was affirmed at our recent Tyler Term and is before us on motion for rehearing. The questions suggested are those passed upon in the original opinion. After a careful revision of the grounds of the motion for rehearing, we are of opinion there was no error committed in affirming the judgment. To write further upon the different grounds of the motion, would be but a repetition of what has already been written. The motion for rehearing is overruled.

*Overruled.*