## FRANK OWENS V. THE STATE.

1. On a trial for robbery the only evidence against the accused was the testimony of the prosecuting witness, and he was directly contradicted by numerous witnesses and on material points. *Held*, that a new trial should have been granted on the defendant's motion.
2. In this case the district courts are urgently admonished to relax the rigor of their practice in respect of new trials, especially in criminal cases. As they have the jury and the witnesses before them, they should grant a new trial whenever it appears that justice has not been done, or that the verdict is against the weight of the evidence, or when the evidence is so weak as to leave doubt of the guilt of the accused. The stringent rules by which this court governs its own practice with respect to granting new trials are not applicable to the district courts.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

The parties were freedmen. The defense claimed to have won the money at cards, and not by robbery.

*W. Stedman and W. M. Walton*, for the appellant.

*Wm. Alexander, Attorney General*, for the State.

WALKER, J.—The appellant was indicted on a charge of robbery, preferred by Ned Johnson.

Had the prosecuting witness been on trial, the evidence would have been conclusive to convict him of perjury. His statement is unsupported in any material

point, and he is impeached by overwhelming evidence. He denies playing at cards with defendant on the day of the alleged robbery; six witnesses swear positively to their playing; some of them to the fact of Johnson's telling Owens that he had won all except forty dollars of his money, and at the same time insisting upon continuing the play. Every syllable of the evidence is consistent with this theory of the case, except that of the prosecuting witness. No evidence remained, worthy of belief, to settle the guilt of the appellant.

The verdict of the jury is without evidence that any intelligent man ought to have believed. And we suggest here, that it would in our opinion be better practice, and more in accordance with law, should the district courts adopt a more liberal rule in granting new trials. We have never considered that the same rule applied in the district court which repeated decisions have laid down for the government of this court.

We do not disturb the finding of a jury unless we are clearly convinced that they are wrong, and unsupported by any reasonable amount of evidence. But the district courts have both the jury and witnesses before them; and whenever it must appear to the court that justice has not been done, that the verdict is clearly against the weight of evidence, the district court should, without hesitation, grant a new trial. Some regard should be had to the maxim, *in criminalibus probationes debent esse luce clariores.* Should a more liberal mode be adopted, and especially in criminal cases, much delay and expense would be saved to the State and parties, and the ends of justice would be the more likely to be attained. Cases not unfrequently come to this court, where a new trial has been refused (the average of new trials granted to those refused is not more than one in twenty-five), when the weight of evi-

dence is clearly against the verdict, or is so weak as to leave every correct and sound mind in doubt of the guilt of the accused. In all such cases the district court should grant a new trial; and unless this is done, this court will be compelled to relax its rules, and reverse every judgment which we find rendered on lame and unsupported verdicts. In 1832, Lord Campbell was on his oath before a committee of the House of Lords, to answer questions as to the practice in the common law and ecclesiastical courts. On the subject of new trials, he was asked the following questions: "Have you any means of knowing what proportion of the applications are successful?" "I should think that in one-half the cases the application is refused in the first instance; and, probably, that in two-thirds of the remaining cases the application is refused after cause shown." "It still happens, therefore, that the verdict by a jury is not always satisfactory?" "Certainly not. The trial by jury would be *intolerable* if it were not for the power of granting a new trial; for juries, sometimes from ignorance, and more frequently from prejudice, give verdicts which are absolutely unjust." The object of this testimony was to reform a practice where it will be seen that about one-sixth of the applications for a new trial were successful. How much the more necessary, then, is it with us to reform the practice in which (judging from the records which come before us) there is not more than one successful motion for a new trial in every twenty-five cases where the motion is made. The judgment of the district court in this case is reversed and the cause remanded.

REVERSED AND REMANDED.