### W. A. LAHON v. THE STATE.

No. 8381. Decided October 8, 1924.

No motion for rehearing filed.

1.—Sale of Intoxicating Liquor—Court's Comments on Weight of Testimony.

Where the trial court comments on credibility of a witness whose tes-

timony is given, conveying to the jury the impression of the trial judge the cause must be reversed. See C. C. P. 887.

2.—Same—Evidence—Declarations of Appellant While Under Arrest.

Where appellant contends his 'declarations introduced in evidence, were made while under arrest, but the trial judge qualifies his bill of exception with statement that the declaration was not made while under arrest, the bill shows no error.

Appeal from District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

*Rose & Johnson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

According to the witness Morse, a deputy sheriff, he went into the appellant's place of business and asked the man behind the counter for a drink. Carson, who was behind the counter, placed before the witness a water glass containing whisky, from which the witness poured into a smaller glass a drink of whisky, after which he handed Carson a dollar and received seventy-five cents in change. He then arrested Carson. In approaching the premises, Morse was accompanied by Foote, another officer. Foote, who testified as a witness, and Morse are not in complete agreement as to when the appellant entered the premises. From Morse's testimony it would appear that Carson, when he was told that he was under arrest, pointed to the appellant and said: "I am not the boss here; that is the boss there." According to Foote's testimony, as it is understood by us, appellant was standing in front of the building or near the door, and entered it after Carson was arrested. Both Morse and Foote testified that upon the appellant's entry, he was asked if that was his place of business, and upon his giving an affirmative reply, he was placed under arrest, and that after his arrest, he said:

"I wouldn't have let you in if I had known who you were; I thought you were a sailor."

The appellant testified and denied this remark, but admitted that he was the owner of the establishment which he described as a domino hall and cigar stand. According to his testimony, he had gone out to supper and left Carson temporarily in charge of the place. Carson was not an employee of the appellant but was about the place and volunteered to look after it until the appellant returned from supper. Appellant claimed that the transaction took place before he returned;

that upon his return, he was asked if he was running the place. Upon his admission that he was, he was placed under arrest. There was some conflict between the witness Morse and the appellant as to who placed the appellant under arrest, that is, whether it was Foote or Morse.

While Morse was testifying as a witness, he was asked to state whether the liquid which he purchased was whisky. Objection was urged that this called for an opinion without any facts upon which it was based. The court remarked:

"Well, I don't suppose he will perjure himself; he stated that he knows."

Exception was taken to this remark upon the ground that it conveyed to the jury the impression of the trial judge touching the credibility of the witness. Such apparently was its effect. The judge trying the case, in ruling upon the admissibility of evidence, is forbidden by statute to comment upon the weight of the evidence or its bearing upon the case or to make any remark calculated to convey to the jury his opinion of the case. C. C. P., Article 887. Another statute expressly makes the jury the judge of the credibility of the witnesses and the weight to be given to their testimony. In this connection, the following quotation is taken from the case of English v. State, 85 Texas Crim. Rep., 457:

"Any comment by the court upon the weight of the testimony or credibility of the witnesses is an infringement of the legal rights of the accused on trial, made so by statute. Simmons v. State, 55 Texas Crim. Rep., 444; C. C. P., Article 787. It is not every comment, however, that requires reversal, for the reason that all comments are not harmful, and the question whether the judgment is to be reversed is determined upon the language used in making the comment, or the fact that the comment is made, but upon the consequences which probably result therefrom."

From the case of LaGrone v. State, 84 Texas Crim. Rep., 615, we also quote:

"Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved."

In the present instance, a search of the premises which was conducted by the officers immediately after the arrest resulted in the discovery of no stock of liquors on hand save that which was found in the two glasses. There were no circumstances in evidence showing the possession or sale of intoxicants upon any previous occasion in or about the premises. It was the appellant's theory, developed from his evidence, that Carson acted alone and independently in making the sale. The State sought to connect the appellant with it by the admitted fact that he was the owner of the establishment and by the testimony

of Morse touching the appellant's presence, conduct and declarations, in all of which particulars the testimony of the witness and the appellant was in material conflict. The remark of the trial judge implied his belief that the witness Morse would not perjure himself. However hasty or inadvertent the comment may have been, it was against the mandate of the statute mentioned, and was susceptible of appropriation by the jury against the appellant upon the question of his credibility and that of Morse. This court does not feel justified in assuming that the error committed did not prejudice the case of the appellant.

A like remark was made with reference to another State's witness, though his testimony was not of such a nature as to indicate that the remark was harmful.

In Bill No. 8 complaint is made of the receipt of testimony of an alleged declaration of the appellant which, as stated in the bill, was made while under arrest. The qualification of the bill, made by the trial judge and accepted by the appellant without protest, declares that the statement was not made while under arrest. Thus qualified, the bill shows no error. The purported statement, the making of which is denied by the appellant, was relevant testimony; and if made while the appellant was not in custody, within the meaning of Article 810, C. C. P., as construed by the decisions of this court, it was properly received.

The evidence raised a question of fact touching the appellant's connection with the sale. Therefore the court was not in error in refusing to instruct a verdict of acquittal.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*