### SAM BAKER V. THE STATE.

No. 10369.    Delivered November 10, 1926.

1.—Manslaughter—Evidence—Held, Admissible.

Where, on a trial for manslaughter, an eye-witness was permitted to testify for the state to the effect that "he went to cut Antone" (meaning appellant), such testimony was not the opinion of the witness but was a shorthand rendition of a fact, and was properly admitted.

2.—Same—Evidence—Character of Wound—Properly Admitted.

There was no error in permitting several state witnesses to testify that when appellant stabbed deceased in the neck, they saw the blood spurt therefrom, and in permitting the doctor who attended the deceased to testify that when he arrived that there was blood all over the porch, where the stabbing occurred. It is well settled that evidence, that there was a great effusion of blood is admissible to show the nature of the wound. See Underhill's Crim. Evidence, Sec. 540. Following Thomas v. State, 44 Tex. Crim. Rep. 345.

3.—Same—General Reputation of Deceased—When Not Admissible.

Where, on a trial for murder, no evidence of threats made by the deceased being shown, the general reputation of deceased is not in issue.

Nor in any event is it permissible to show the general reputation of deceased among a limited number of people of a district, but only the general reputation of the deceased, in the community where he resided may be shown.

**4.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exceptions complains of a question asked the appellant on his cross-examination by the state, and such bill fails to set out the answer of such witness to said question, no error is presented that this court can appraise.

**5.—Same—Bill of Exception—Requisites Of.**

A bill of exception complaining of the argument of state's counsel, must affirmatively show that the argument complained of was made. Where the court qualifies such a bill with the statement that he has no recollection of the matter complained of and does not know whether it occurred or not, this court cannot consider such bill, because it fails to show that such argument was made.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Potter County for the offense of manslaughter, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant, his brother, George Baker, Arthur Johnson and the deceased, Antonio Metters, were engaged in a domino game, and that the deceased and appellant were betting on the result of the game. A controversy arising, the deceased and Johnson, his partner, quit the game, and the deceased put a $5.00 bill that the appellant had on the board in his pocket. The appellant caught deceased by his shoulder, drew his knife and demanded the return of his money, which was refused, the deceased at the time having his right hand in his pocket. After the return of the money had been demanded two or three times, and other parties had made the same request, the deceased returned the money with his left hand. The appellant then demanded that deceased take his right hand out of his pocket, but deceased refused to do so and continued to hold his hand in his pocket and appeared to be working his hand when

the appellant stabbed him in the neck, from the effects of which the deceased bled to death within a short time thereafter. The appellant testified, and introduced other evidence to the effect, that the deceased had threatened his life and that he cut deceased believing at the time that he was preparing to kill him, appellant, or inflict upon him serious bodily injury. The court charged on murder, manslaughter, aggravated assault and self-defense.

There are six bills of exception in the record. In bill No. 4 complaint is made to the action of the court in permitting the state's witness, Brown, in relating what he saw the appellant do, to state: "So he went to cut Antone and his brother grabbed him." The appellant contends that the statement to the effect that he "went to cut Antone" was a conclusion of the witness and that the admission of same over his objection was reversible error. We are unable to reach this conclusion. We think it was only a shorthand rendition of the facts. At any rate, there is no controversy in the record but that the appellant cut the deceased, and if this evidence were subject to the criticism made, it would not be such error as would require a reversal of this case.

In bills of exception 5, 11 and 13 complaint is made to the action of the court in permitting the state's witnesses to testify, in effect, that when the appellant stabbed deceased in the neck, they saw the blood spurt therefrom, and in permitting the doctor to testify that blood was all over the porch when he arrived to attend the deceased. It is contended that this testimony was of such a prejudicial nature that it was error for the court to admit same. We are unable to agree with this contention and are of the opinion that this testimony was admissible in behalf of the state to show the character of the wound inflicted, also as bearing on the purpose and intention of the appellant. In Underhill on Criminal Evidence, 3rd Edition, Sec. 515, it is stated: "Evidence that there was a great effusion of blood may be admissible to show the nature of the wound." Also see Thomas v. State, 44 Tex. Crim. Rep. 345. In Sec. 540 of Underhill's Criminal Evidence, it is stated:

"The intention to do great bodily harm, to murder or to commit any other crime by means of an assault, may be inferred from the circumstances. * * * The intention may be inferred from the force or direction, or from the natural or contemplated result of the violence employed, from the weapon or implement used by the accused," etc.

In bill No. 7 complaint is made to the refusal of the court to

permit the appellant to show by the witness, Brown, that the deceased's general reputation "in the flat" was that of a dangerous and violent character. The court, in qualifying this bill, states that at the time it was offered no evidence had been introduced to show threats made by the deceased against the appellant; that same was indicated to appellant's counsel and that said testimony was never thereafter offered. The qualification also states that said inquiry was not to the general reputation of the deceased in the community where he resided, but "down in the flat," which was not a call for general reputation. This bill, as qualified, shows no error.

In bill of exception No. 14 complaint is made to the action of the court in permitting the District Attorney to ask the appellant, on cross-examination, if the witness, Brown, had not told him many times not to gamble in the domino parlor. This bill is defective in failing to set out the witness' answer, if any was made, and for that reason we are unable to determine the supposed error complained of. Hennington v. State, 101 Tex. Crim. Rep. 12, 274 S. W. 599. Many other authorities could be cited, if necessary. We fail to see any possible error that could be shown in this bill even if it contained the answer to said question, as the record clearly shows that the deceased and appellant were gambling on the domino game in question.

In bill No. 20 complaint is made to the argument of the District Attorney before the jury, which the court qualifies by stating that he has no recollection of this incident occurring, and has no record of the occurrence, and does not know whether it occurred or not. This court recently held in the Bart Watson case, on rehearing, No. 9819, opinion delivered November 3, 1926, yet unreported, that we could not consider such a bill for the reason that it failed to show affirmatively that such argument was made.

After a careful examination of the entire record, and failing to find any reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.