CHARLES KNOX v. THE STATE.

No. 12242.   Delivered January 30, 1929.

The opinion states the case.

*Ira Lawley,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, twenty-five years in the penitentiary.

The practice of granting new trials when obviously demanded, without the expense and delay of appeal, has been commended by

this court. Jordan v. State, 10 Tex. 479; Owens v State, 35 Tex. 361; Turner v. State, 33 Tex. 167; Crow v. State, 33 Texas Crim. Rep. 264.

Eight bills of exception, twenty to twenty-seven inclusive, complain of argument by State's counsel made to the jury, of each which argument the trial court certifies not only that same was made, but also as follows: "All of which statement or argument was not warranted by the evidence adduced, was not in the record and was highly prejudicial to defendant and was calculated to inflame the minds of the jurors against defendant, and it was not responsive to nor warranted by any statement or argument made by counsel for defendant." If the trial court was satisfied that one argument was made which was "not in the record, not warranted by the evidence, highly prejudicial to the defendant, and calculated to inflame the minds of the jury against defendant," it would seem that a new trial should have been granted,—yet here we have eight such arguments.

In addition to the above, bill of exceptions No. 8 sets out at length that when the State rested its case appellant placed one Carroll on the stand who swore that on the day of the alleged robbery in Limestone county, witness saw appellant in Terrell, Texas, about one hundred and sixteen miles from the scene of the robbery, at about 11:30 a. m., and again about 5:30 p. m. It is further set out that the State did not cross-examine said witness, but asked the court for five minutes recess, and asked the sheriff to arrest Carroll and bring him to the county attorney's office where they would prepare a complaint against him for perjury based on what he had sworn in this case; that the sheriff arrested Carroll and took him out of the court room, that the prosecuting attorney also left the court room and returned with a complaint charging Carroll with perjury in connection with what he had sworn in this case, and had the sheriff swear to such complaint before the presiding judge of the court; that upon application for habeas corpus then prepared and presented by appellant's attorneys a writ of habeas corpus was issued, and the sheriff brought Carroll back into the court room and the court granted said Carroll bail in the sum of one thousand dollars. It is further set out that appellant had other witnesses present who would testify that he was in Terrell on the date of said robbery, which witnesses he intended to use to make such proof; but that each of said witnesses lived in Terrell and were strangers in Limestone county where the trial was in progress, and that during the habeas corpus trial of Carroll the presecuting attorney stated that no wrong was done by

the arrest of Carroll and that any other witness who took the stand and testified that appellant was not in Limestone county at the time this offense was committed, would be immediately arrested and charged with perjury as Carroll had been; and the court then said that he would not interrupt the trial of this case to hold any more habeas corpus proceedings in perjury cases, upon which occurring appellant announced that he would introduce no further testimony if his witnesses were going to be arrested and placed in jail. The bill of exceptions contains the certificate of the trial judge that "All this occurred in open court in the presence of the jury," and is approved without qualification.

It is difficult for this court to believe that these bills speak the facts, but we are compelled to accept them as so doing, since in plain words the trial judge has approved as true the facts set out in each of said bills. Our Constitution guarantees to every person, regardless of guilt or innocence, a trial at the hands of an impartial jury and our statute forbids a judge to say or do anything during such trial which is calculated to convey to the jury his opinion of the case. By the expression "His opinion of the case," in Art. 707 C. C. P., is included necessarily his opinion of the witnesses as well as their testimony, in such case. We have held it reversible error for the court, in the presence of the jury, to allow a witness to be arrested and taken to jail. Hughes v. State, 81 Texas Crim. Rep. 526. See also Waters v. State, 80 Texas Crim. Rep. 573; Venable v. State, 84 Texas Crim. Rep. 354; English v. State, 85 Texas Crim. Rep. 450; Lahon v. State, 98 Texas Crim. Rep. 167; Scott v. State, 72 Texas Crim. Rep. 26. In the case last cited we said when the object of the court is to punish a witness for supposed misconduct while testifying, the jury should be retired so that they may not be affected to the hurt of the accused. The trial court may believe that a witness is guilty of perjury, and he is to be commended for every proper effort to punish this most grievous and serious offense, but certainly his efforts in this direction,—as well as those of the sheriff and State's attorney,—are altogether out of place and offend against the fairness of the trial when they are made in the presence and with the knowledge and in view of the jury in the particular case. Analysis of such argument and such conduct as here appear is needless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*