JAMES COOPER v. THE STATE.

No. 13250.   Delivered February 5, 1930.

The opinion states the case.

*Miller & Anderson* of Newton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The record is before us without any statement of facts, but contains two bills of exception. One of same cannot be of avail to appellant because of the absence of the facts, but the other,—which complains of certain argument of the district attorney, rests upon a different proposition. Said bill sets out that the district attorney made the following argument:

"Gentlemen, talk to me about giving this defendant the benefit of the suspension of sentence, this law was intended for those young men who get into trouble inadvertently and not intended for those such as this defendant who belongs to a gang of robbers operating between Texas and Louisiana."

The bill of exceptions complaining of this argument not only contains the certificate of the trial judge that the above is substantially what was said, but the bill further certifies that there was no testimony showing that any conspiracy existed between this defendant and a gang of robbers operating between Texas and Louisiana, and further contains the following statement over the signature and approval of the learned trial judge concerning said remarks of the State's attorney: "That same was prejudicial and injurious to the rights of the defendant." It is one of the unsolved mysteries

to this court why trial judges will refuse new trials and permit the expense and delay of appeals to this court when they themselves certify that matters complained of which transpired upon the trial were injurious to the rights of the accused and prejudicial. This court has no option in such case, other than to reverse. Knox v. State, 111 Texas Crim. Rep. 601. The trial court having certified that the argument was without evidence to support it, and that it was prejudicial, we are unable to say but that the sentence might have been suspended, or that the accused might not have been found guilty. For said error, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*