## CHARLIE BRYAN V. THE STATE.

No. 16642. Delivered April 25, 1934.

The opinion states the case.

*Parker & Parker,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year and three months.

Appellant had parked his car at a garage in the town of Priddy. Approximately two hours after his arrival at the garage officers searched the car and found therein eight pints of whisky. Appellant testified that the whisky had been placed in his car after he had reached the garage by a man from whom he had purchased it. He further testified that he and his family used whisky for medicinal purposes and that it was his purpose to take the whisky to his home in the country for the use mentioned.

178

Bill of exception No. 6 presents the following occurrence: Over appellant's objection, the district attorney stated to the jury in his closing argument that appellant had transported the whisky from his home in the country to the town of Priddy, a distance of three or four miles. It is certified in the bill of exception that there was no evidence that appellant had transported the whisky, and that the State had abandoned the count in the indictment charging transportation. We quote further from the certificate of the trial judge: "The argument was made at a time when the defendant had no chance to answer, and was calculated to mislead the jury and cause a verdict to be rendered adversely to the rights of the defendant."

In view of the certificate of the trial judge to the effect that there was no evidence supporting the argument, and that same was calculated to mislead the jury and bring about a verdict of conviction, we are constrained to hold that the bill of exception manifests reversible error. In Traylor v. State, 47 S. W. (2d) 310, Judge Hawkins, speaking for the court, used language as follows:

"Whether the trial judge intended to do so or not (and we are inclined to think he did not so intend), it will be observed that he has in fact certified that the argument complained of is both improper and prejudicial, not pertinent to anything testified to in the trial, constituted testimony given by the district attorney, was calculated to injure the rights of appellant, and was of such nature as to influence the jury in determining the question of his guilt or innocence. With that certificate regarding the argument, this court has no option, but must reverse the judgment, even in the absence of a statement of facts. If the trial judge thought the argument was as bad as certified, a new trial should have been granted, and the expense and delay of an appeal avoided."

See also Roberts v. State, 27 S. W. (2d) 159; McKee v. State, 34 S. W. (2d) 592; Miller v. State, 36 S. W. (2d) 158.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.