## BILL EASTERWOOD V. THE STATE.

No. 17082.   Delivered December 19, 1934.
Reported in 77 S. W. (2d) 232.

The opinion states the case.

*Hancock & Hancock* and *John M. Hatter,* all of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Joe Edmondson by beating him with a pistol.

The homicide occurred at night in appellant's apartment. When officers arrived at the scene they found deceased's body. His head and face had been beaten into a pulp. A pistol with blood and hair on it was on the floor near the body. Appellant was present. He had blood on his face and hands. He also had some bruises on his face and head. According to the theory of the State, appellant had invited deceased to go to his home and had there killed him without provocation. Appellant testified that deceased had come to his apartment for the purpose of paying him a social visit; that after a little while deceased had left; that shortly after deceased left he heard someone at the door at the foot of the stairs; that procuring his pistol he went downstairs in the dark, where he was attacked by several parties; that he was forced to defend himself; that he did not see deceased. In short, appellant's testimony raised the issue of self-defense.

Several bills of exception criticize the argument of counsel for the State. We deem it necessary to discuss but one of these bills. Bill of exception No. 35 presents the following occur-

rence: In his argument to the jury the district attorney used this language: "Don't let this fiend (referring to appellant) go loose and free to shoot somebody else; he won't shoot them; he will beat them to death, but he won't do it fair though; he will slip up behind them; I want you to see what kind of an animal we are dealing with here—not a human being—drunk, mean, bullheaded, and a killer; you are not trying an ordinary killer; you are trying a brute." It is recited in the bill that appellant's objection to the argument was overruled. We find in the bill the following certificate on the part of the trial judge: "This was inflammatory, prejudicial and improper, and not in response to any argument on the part of the defendant or his counsel." The bill of exception is approved without qualification. In view of the character of the argument and of the certificate of the trial judge to the effect that it was inflammatory, prejudicial and improper, we are constrained to hold that the bill of exception reflects reversible error. The bill is similar to that dealt with in Roberts v. State, 27 S. W. (2d) 159. In that case the trial court certified, among other things, that the argument was not warranted by the evidence, was highly prejudicial and was calculated to inflame the minds of the jurors against the accused, and was not responsive to nor warranted by any statement or argument made by counsel for the accused, and in view of such certificate we ordered a reversal of the judgment. See also Griffin v. State, 50 S. W. (2d) 812; McKee v. State, 34 S. W. (2d) 592; Traylor v. State, 47 S. W. (2d) 310. In Traylor v. State, supra, this court, speaking through Judge Hawkins, used language as follows:

"Whether the trial judge intended to do so or not (and we are inclined to think he did not so intend), it will be observed that he has in fact certified that the argument complained of was both improper and prejudicial, not pertinent to anything testified to in the trial, constituted testimony given by the district attorney, was calculated to injure the rights of appellant, and was of such nature as to influence the jury in determining the question of his guilt or innocence. With that certificate regarding the argument, this court has no option, but must reverse the judgment, even in the absence of a statement of facts. If the trial judge thought the argument was as bad as certified, a new trial should have been granted, and the expense and delay of an appeal avoided."

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.