GEORGE JETERS V. THE STATE.

No. 17060.  Delivered December 19, 1934.
Reported in 77 S. W. (2d) 231.

The opinion states the case.

*Jno. M. Hatter*, of Waxahachie, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of automobile; punishment, five years in the penitentiary.

There are a great many bills of exception, most of them complaining of argument of the county attorney. Many of these arguments appear to be subject to exception, but we only

call special attention to the argument complained of in bills of exceptions 17, 18, 19, and 20. Without setting out the argument in bill 17, which is recited in the bill, the statement is made of same as follows: "This argument was out of the record of testimony, and prejudicial and inflammatory." The bill of exceptions containing the above recital is approved without any qualification by the learned trial judge. Bill of exceptions 18 sets out at length certain other argument, and it is recited in the bill that this argument was a comment on the appellant's failure to testify. This bill of exceptions is approved by the trial judge without any qualification. Bill of exceptions 19 sets out at length other argument of the county attorney. This bill states that the argument was prejudicial, a comment on the failure of defendant to testify, and not in response to any argument of appellant's attorney. This bill is approved without any qualification. Bill of exceptions 20 sets out a statement as follows: "This young man we are trying is no angel, and this record further shows that he is a member of a well greased and well oiled theft gang in the State of Texas; that he has been operating from one place to another in the illegal possession of automobiles." This bill sets out that this argument was without support of testimony, and not in response to any argument of defendant's attorney, and that defendant did not take the witness stand, and same was prejudicial. This bill is approved without qualification. We need not refer to any of the other bills of exception. Whenever trial courts in this State certify that arguments were made by State's counsel which are without support in testimony, and which are prejudicial and inflammatory, there seems nothing left for this court to do but reverse the case. See Cooper v. State, 24 S. W. (2d) 427; McKee v. State, 34 S. W. (2d) 592; Griffin v. State, 50 S. W. (2d) 812.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*