## B. WILLIAMS V. THE STATE

No. 17567.   Delivered May 22, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*C. E. Farrall* and *Baskett & Parks,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being seven years in the penitentiary.

No statement of facts is brought forward.   Bill of exception number one was reserved to the refusal of the trial court to instruct a verdict of not guilty.   Bills numbers two, three, four, five and six were reserved to the court's ruling in admitting

or excluding evidence. In the absence of a statement of facts, manifestly this court is in no position to appraise any of the bills mentioned.

Appellant urges that bill number seven is sufficiently full to manifest error in the absence of a statement of facts. Said bill is as follows:

"Be it remembered that upon the trial of the above styled and numbered cause, the defendant interposed the defense of self-defense based upon apparent danger, and the location of the gun-shot wounds upon the person of the deceased became a material issue, including the points of entry and exit of the pistol balls with which he was shot, and it became a material issue whether all of said shots entered the back, or whether any of them entered from the front, of deceased; and upon that issue the State introduced as a witness the police officer, Mr. Wright, who testified for the State that he arrived at the scene of the homicide immediately after the shooting and found the deceased lying on the ground, dead. That he examined the body and the location of the gun-shot wounds in his body, and found four gun-shot wounds in his body, all in the back and none in the front, and gave the location thereof.

"And be it further remembered that the defendant put upon the stand as a witness in his own behalf one Charley French, a negro undertaker, that he, as such undertaker, prepared the body of the deceased, Zachariah Sanford, for burial and examined the wounds on the body of the deceased; that there were four gun-shot wounds on the body, one of which was an exit; that one bullet went entirely through the body and two others entered the body but did not go through, and that one of the wounds, which was at the point of entry of one of the bullets, was on the front of the body of deceased.

"And be it further remembered that while said witness Charley French was testifying one Denver Seale, one of the investigators of the Criminal District Attorney's office was sitting in the bar beside the Assistant Criminal District Attorneys, W. L. Curtis and Dean Gauldin, who were conducting the prosecution for the State; and that while said witness was still in the witness stand, in front of the jury, and just as he had finished his testimony, the Assistant Criminal District Attorney, Dean Gauldin, in the presence and hearing of the jury, said to the said Denver Seale, 'Take this negro (meaning Charley French) and file a perjury charge against him'; and said Denver Seale immediately arose, went to the door of the court room by the witness stand, passing between said witness and the jury

in the box, and when said witness Charley French stepped from the witness chair, in the presence and view of the jury, took charge of said witness French and conducted him out of the court room in obedience to the directions of said Assistant Criminal District Attorney as set forth above. That thereupon the defendant, in open court, objected to said statement and conduct of the Assistant Criminal District Attorney, and of said investigator, occurring in the presence, hearing and view of the jury, because same was improper and highly prejudicial to the rights of the defendant, and calculated to unduly impress the jury with the idea that the said witness had perjured himself upon said matter. That thereupon the court sustained said objection and charged the jury that if any of them heard said remarks not to consider same at all, which charge was an oral charge; and the court thereupon asked the jury if any of them heard said remarks, and the most of said jury replied in the affirmative, and the court again told said jury to disregard same and not to be influenced thereby.

"That thereupon the defendant, in open court, notwithstanding the court has sustained his objections thereto and instructed the jury not to consider same or be influenced thereby, excepted to the making of said statement by the said Assistant Criminal District Attorney directing the arrest of said witness and the filing of perjury charges against him and the action of said investigator in so taking charge of said witness and conducting him out of the court room, all of which occurred in the presence, hearing and view of the jury, and was both seen and heard by the jury; * * *"

The trial judge qualified the bill by certifying that he "did not hear any such remark made, but on the insistence of counsel for defendant that such remark had been made" he instructed the jury that if any of them heard and understood what the Assistant District Attorney said they would not consider it for any purpose. He further certified that the special investigator did not take the witness from the witness stand, nor out of the court room.

It is doubtful if the bill should be considered at all. In Watson v. State, 105 Texas Crim. Rep., 152, 287 S. W., 265, a claimed objectionable argument was under consideration. The judgment was reversed on original hearing. The State's motion for rehearing was granted, and in the opinion so ordering we said: "The State urges that in view of that part of the qualification stating that the 'court cannot at this time say whether or not the district attorney used the language com-

plained of' leaves the bill without any certificate from the trial judge that the argument was used. The State's position is supported by Lane v. State, 59 Texas Crim. Rep., 595, 129 S. W., 353, in which a bill complaining of argument bore a notation by the trial judge that he was preparing his charge at the time, and, if the remark complained of was made, he did not hear it. This was held to be no certificate that the argument was made. See, also, Howard v. State, 65 Texas Crim. Rep., 25, 143 S. W., 178." See, also, Baker v. State, 105 Texas Crim. Rep., 291, 288 S. W., 226. The bill in the present case may show that the Assistant District Attorney said something, because upon inquiry from the court the jurors indicated as much, but we doubt if it sufficiently certified that the statement was as claimed.

Waiving the point suggested above, we conclude that the bill does not present reversible error. If the incident took place as related in the bill it should not have occurred and in a case where the lines were closely drawn upon the issue affected a serious question might be presented. In all of the cases to which our attention has been directed which have been reversed because of similar conduct to that here complained of the trial judge took part in the matter, thereby in the jury's presence indicating his view of the evidence in direct violation of Art. 707 C. C. P. See Knox v. State, 111 Texas Crim. Rep., 601; 13 S. W. (2d) 378; Scott v. State, 72 Texas Crim. Rep., 26, 160 S. W., 960; Lahon v. State, 98 Texas Crim. Rep., 167, 265 S. W., 392; English v. State, 85 Texas Crim. Rep., 450; 213 S. W., 632; Waters v. State, 80 Texas Crim. Rep., 573; 192 S. W., 778; Hughes v. State, 81 Texas Crim. Rep., 526, 197 S. W., 215; Hampton v. State, 46 S. W. (2d) 31; Hollingsworth v. State, 56 S. W. (2d) 869. In the present case the Assistant District Attorney is claimed to have expressed in the presence of the jury his opinion that the colored undertaker was guilty of perjury and emphasized such opinion by directing an Investigator of the District Attorney's office to take charge of the witness and file perjury charges against him. The court took no part in such occurrence but disclaimed knowledge of it, and upon insistence of appellant's counsel that it had occurred promptly directed the jury not to consider it for any purpose.

We observe further that the bill fails to show that the arresting officer and the colored undertaker were the only witnesses upon the question as to the entrance place of the wounds on deceased's body. It may have been conclusively shown from the evidence that one or the other was mistaken, or the

guilt of appellant may have been conclusively shown regardless of whether deceased was shot from front or rear. In the absence of the evidence adduced upon the trial we are unadvised upon the matters mentioned. The bill itself does not furnish sufficient information upon which reversible error can be predicated.

The judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We find nothing in the authorities cited in appellant's motion for rehearing holding contrary to what we said in our original opinion. No claim is made here,—as appeared in the cases cited in our opinion,—that the trial court said or did anythng indicative of his opinion as to the truth or falsity of the testimony of defense witness French. At most what was said by the assistant district attorney was but an expression of his opinion in regard to the falsity of the testimony of said witness, and the court promptly told the jury to disregard same. We must presume, in the absence of facts, that the verdict is supported by the testimony, and we would not be justified in reversing any case for the sole reason that an attorney for the State expressed in words or acts his belief that a particular witness had sworn falsely. For aught we know from this record, the testimony may have overwhelmingly shown that such witness had so sworn. Officer Wright may have been corroborated by a dozen other witnesses who examined the body of deceased. Incidents such as form the basis of appellant's bill of exceptions should not have occurred, and if the court had been aware of same he doubtless would have reprimanded the party guilty, but he certifies that he did not hear the remarks; that the officer, to whom the remark was addressed, did not do as is alleged in the bill of exceptions, and it seems that when the court below properly told the jury to disregard same, he had done all he could in the premises.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*