W. C. Austin, of Fort Worth, and Ghent Sanderford, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of theft of property over the value of $50, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

By bill of exception No. 1 appellant complains of the action of the trial court in overruling his application for a continuance based on the absence of three important witnesses. The court certifies that he erred in refusing to grant the defendant a continuance.

Bills of exception Nos. 3, 4, and 5 are in the same condition. In each of said bills the court certifies that he erred in reference to the matters complained of. All of said bills, are without qualification. This court has consistently held that it is bound by the recitations in the bills of exception and will not look to the statement of facts to determine the correctness of said bill when the bill of exception is approved by the trial court without qualification. If the trial court realized that he made an error as shown by his certificate to the bills of exception, he should have granted a new trial. In the case of Bryan v. State, 126 Tex.Cr.R. 177, 70 S.W. (2d) 715, this court said: "In view of the certificate of the trial judge to the effect that there was no evidence supporting the argument, and that same was calculated to mislead the jury and bring about a verdict of conviction, we are constrained to hold that the bill of exception manifests reversible error." In the case of Cooper v. State, 113 Tex.Cr.R. 569, 24 S.W.(2d) 427, this court, speaking through Judge Lattimore, said: "It is one of the unsolved mysteries to this court why trial judges will refuse new trials and permit the expense and delay of appeals to this court, when they themselves certify that matters complained of which transpired upon the trial were injurious to the rights of the accused and prejudicial. This court has no option in such case other than to reverse." See Traylor v. State, 120 Tex. Cr.R. 277, 47 S.W.(2d) 310; Jeters v. State (Tex.Cr.App.) 77 S.W.(2d) 231; Lemons v. State (Tex.Cr.App.) 75 S.W. (2d) 878.

We think that the indictment is sufficient to charge the offense of theft.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**CUMMINGS v. STATE.**

No. 18495.

Court of Criminal Appeals of Texas.

May 27, 1936.

Roy A. Scott, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.