ALFONZO HERERA V. THE STATE.

No. 18979.   Delivered June 2, 1937.
State's Rehearing Denied October 20, 1937.

The opinion states the case.

*Dibrell, Mosheim & Campbell,* of Seguin, for appellant.

*Henry S. Paulus,* District Attorney, of Yoakum, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Willie Schuenemann by beating him with a piece of wood.

The State introduced in evidence appellant's confession in which he stated that he and Delfino Samona tied deceased, while Rafael Perez beat him with a stick of wood. According to the testimony of the State, the motive of appellant and his companions was robbery. In his dying declaration deceased named appellant as one of his assailants. Testifying in his own behalf, appellant repudiated his confession, declaring that the officers had forced him to make same. Speaking of one of the officers, he said: "He hit me and told me I have to sign. I did not tell them what to write down in the paper. He read it over to me and I told them it was not the truth, but he told me I had to sign it anyhow." Again, he testified as follows: "I did not go out there with Delfino Samona and Rafael Perez and tie Mr. Scheunemann up with some belts and knock him in the head; that is not true." Further, appellant testified that he was not present at the scene of the homicide, but was in Cibolo, some distance away, with Jose Benavides, Alfredo Benavides and Arrizoma Benavides.

The testimony of the officers was to the effect that appellant received no mistreatment at their hands, and was in no manner coerced to make a confession.

It is shown in bill of exception No. 2 that appellant made a first application for a continuance because of the absence of the witnesses Jose Benavides and Alfredo Benavides. It appears that diligence to secure the attendance of the said witnesses was sufficient, and in the bill of exception the trial judge certifies such to be the fact. Again, it appears from the recitals of the bill that the testimony on the part of the State showed that the homicide occurred on the 9th day of July, 1936, between 10 a. m. and 11:30 a. m. Further, it is shown in the bill that appellant testified on the trial that he was in the town of Cibolo, which was two and one-half miles from the scene of the homicide, with Jose Benavides, Alfredo Benavides and Arrizoma Benavides, during said time. Also, it is shown in the bill that a witness testified that he saw appellant with said parties about noon of said day, and that they were traveling toward Seguin. It is alleged in the application for continuance that the witnesses would testify, if present, that appellant was with them in Cibolo from 10 a. m. until noon on the day of the homicide. Again, it is averred that appellant was the only witness who could testify as to his whereabouts during the time in ques-

**134**

tion except the absent witnesses. The trial judge makes the following certificate in the bill of exception:

"The defendant was required to go to trial despite the absence of the witnesses Benavides, and upon the trial of the case was unable to produce witnesses to show his whereabouts from 10 o'clock until 11:30 o'clock a. m. other than by his own testimony, all of which appears in the record of this case; and the defendant was convicted and sentenced to life imprisonment without having the benefit of the testimony of the witnesses Jose Benavides and Alfredo Benavides, and had the defendant had the benefit of said witnesses, the verdict might have been different; it further appearing from the evidence and the record that the town of Cibolo is some 2 or 2-1/2 miles from the scene of the alleged assault upon Willie Scheunemann."

It is observed that said bill of exception was approved February 2, 1937. The court adjourned December 16, 1936. There is nothing to indicate that the certificate of the trial judge was made by mistake. In view of the fact that said bill of exception was approved long after the term had adjourned and at a time when the trial judge had no jurisdiction to set aside the judgment of conviction, it would not be unreasonable to conclude that, upon mature deliberation, he reached the conclusion that he was in error in denying the continuance and overruling the motion for new trial. At all events, we are constrained to give effect to said certificate. See Bryan v. State, 70 S. W. (2d) 715; Traylor v. State, 47 S. W. (2d) 310; Roberts v. State, 27 S. W. (2d) 159; McKee v. State, 34 S. W. (2d) 592; Miller v. State, 36 S. W. (2d) 158. It follows that the bill of exception reflects reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The judgment of reversal was predicated on a certificate of the trial judge found in bill of exception number two which complains of the denial of a continuance. The State's motion for rehearing urges that in connection with bill number two this court should—regardless of the certificate therein—consider bill of exception number seven, which brings forward affidavits of the two Benavides witnesses,

which affidavits were before the trial judge at the time the motion for new trial was acted on. Waiving a discussion of the point raised by the State, we observe that even if said affidavits be considered we are still disturbed over the situation. The exact time of the killing seems not to be shown, save as it appears from appellant's repudiated confession in which the time appears as some time after 11:15 o'clock A. M. at a point two and a half miles from Cibolo. The affidavits in question show that the absent witnesses would place appellant in Cibolo at a time near to 11:30, leaving only about fifteen minutes in which appellant could have gotten from the scene of the killing to Cibolo. Realizing that the fixing of time generally is a matter of speculation or approximation on the part of witnesses, yet we are unable to say if the absent witnesses had been present and by their evidence had placed appellant in Cibolo as early as 11:30 or 12 o'clock, it might not have aided appellant's claim of alibi in view of his own testimony and that of Del Torro as to the time and manner in which appellant reached said place.

We have concluded that the State's motion for rehearing should be overruled, and it is so ordered.

*Overruled.*