## W. B. WADE v. THE STATE.

No. 19453. Delivered March 9, 1938.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor in dry territory, punishment being a fine of $125.00 and sixty days in jail.

An inspector for the State Liquor Control Board testified that appellant ran a filling station and cafe at Cushing in Nacogdoches County; that witness had made inquiry where he could get some whisky and had been told he might get some at appellant's place; that he went to appellant's place and told appellant that his place had been recommended where witness could buy some whisky; that witness was going fishing and wanted some whisky. Appellant sold witness a pint of whisky for seventy-five cents. Witness had fishing tackle, cot and bed roll in his car. Appellant denied making the sale.

Appellant complained because the court declined to charge that the inspector was an accomplice witness, or to submit the issue to the jury. We doubt if the facts raise the issue of the State's witness being an accomplice. See Stevens v. State, 110 S. W. (2d) 906. It does not appear that he originated the criminal design on appellant's part but simply furnished the opportunity for appellant to make the sale.

The judgment must be reversed because of the argument of the county attorney. The bill of exception bringing the matter forward shows that the following occurred:

" * * * while the county attorney was making his opening argument to the jury used the following language, to-wit: 'Gentlemen, this is a ditto case, the evidence is the same in this case as it has been in some cases tried here before, and the State's testimony comes from the same witness.' The defendant objected to said argument at the time it was made and requested the court to instruct the jury not to consider said argument for any purpose. The court overruled defendant's objection. Said argument was not in reply to anything the defendant had said in argument, and was out of the record and was prejudicial to the rights of the defendant. It was an argument of the county attorney of facts that was not in the record and was a reference to other cases tried before the same jury panel in which the defendants had been convicted for selling intoxicating liquor. * * *."

It will be seen that whether intentional or not the court certifies that the argument was outside the record and prejudicial. See Roberts v. State, 115 Texas Crim. Rep. 431, 27 S. W. (2d)

159; McKee v. State, 116 Texas Crim. Rep. 232, 34 S. W. (2d) 592; Traylor v. State, 120 Texas Crim. Rep. 277, 47 S. W. (2d) 310. Other cases are cited in Baldwin v. State, 94 S. W. (2d) 1175.

The judgment is reversed and the cause remanded.