SAM JOHNSON V. THE STATE.

No. 21762. Delivered December 3, 1941.
Rehearing Granted January 28, 1942.

The opinion states the case.

*Norman, Stone & Norman,* of Jacksonville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving a motor vehicle upon a public highway while drunk. The punishment assessed is confinement in the county jail for a period of 45 days and a fine of $100.00.

The record shows that upon the trial of the case appellant entered a plea of guilty and filed a plea for a suspension of sentence in case of conviction.

Appellant brings forward two complaints which he contends present reversible error. His first complaint relates to the court's charge upon the law of suspension of sentence. The court instructed the jury to the effect that appellant had filed a plea for a suspension of sentence and they should consider and determine whether he had ever been convicted of a felony in this or any other state, and whether or not they would recommend that his sentence should be suspended. The jury found that appellant had not theretofore been convicted of a felony either in this or any other state but expressly recommended that sentence be not suspended. Although the court's charge on the subject is rather brief, it is obvious from the verdict that the jury knew that they had a right to recommend the suspension of sentence, although they assessed his punishment at confinement in the county jail for a period of 45 days and a fine of $100.00 because they expressly recommended that sentence be not suspended. Consequently the jury was not misled or confused by the court's charge on the subject.

By his second bill of exception appellant complains of certain argument indulged in by the District Attorney in opposing the recommendation for a suspension of sentence. We see no such vice in the remarks complained of as would require a reversal. In support of his contention appellant cites us to a number of authorities. We have read each and every one of them and find that in those cases the District Attorney injected by way of argument facts and circumstances similar to those in the case on trial and concluded with the remark that in

each instance the conviction was sustained. Such is not the case here.

The prosecution and conviction in this case occurred prior to the effective date of amendment of Art. 802, Penal Code, by Chapter 507, Acts of the 47th Legislature, Regular Session, changing the penalty for the first offense of this nature from a felony to a misdemeanor.

No reversible error having been presented by the record before us, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing, appellant, for the first time, asserts that the trial court in his certificate to Bill of Exception No. 2 certifies that an error was committed in the matter therein complained of. This matter was not called to our attention on the original submission of the case and it escaped our observation. Upon consideration of the motion for rehearing, we have carefully examined the bill and reached the conclusion that appellant's contention is well founded.

It appears from the bill that the District Attorney in his closing argument to the jury said:

"That a suspended sentence would not mean anything to the defendant; that the certainty of punishment was the dread of every person who contemplated crime, and that there was no reason why this defendant should not be dealt with as other defendants have been dealt with who were tried for driving while intoxicated by going either to the penitentiary or to jail."

Appellant objected to the argument on the ground that there was no evidence that any other defendant had been tried for the same offense, nor any kind of a showing that punishment, if any, had been assessed against other defendants; that said remark was wholly without any evidence as a basis therefor, was harmful, prejudicial, highly inflammatory, and was not provoked or invited by word or action on the part of de-

fendant's counsel. The court certified that the remarks of the State's attorney were out of the record; that the same were not provoked or invited by defendant's counsel, and that said remarks were harmful, prejudicial to the defendant's application for a suspended sentence and contributed to the action of the jury in declining to recommend a suspension of sentence, etc. Since the court made the certificate in substance as above stated and as the bill fails to set forth all the pertinent facts, we are not able to determine whether the trial court erred in certifying that error was committed with respect to the matter complained of. Therefore, we feel that the motion should be granted under the following authorities: Traylor v. State, 120 Tex. Cr. R. 277; Horton v. State, 124 Tex. Cr. R. 243, 61 S. W. (2d) 843; Bryan v. State, 126 Tex. Cr. R. 177, 70 S..W. (2d) 715; Easterwood v. State, 127 Tex. Cr. R. 437, 77 S. W. (2d) 232; Rehm v. State, 128 Tex. Cr. R. 59; Pounds v. State, 128 Tex. Cr. R. 519; Baldwin v. State, 130 Tex. Cr. R. 377; Wade v. State, 134 Tex. Cr. R. 123; Dykes v. State, 135 Tex. Cr. R. 492; McKee v. State, 34 S. W. (2d) 593.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.