## AB ROBERTS v. THE STATE.

No. 13280.   Delivered April 23, 1930.
Reported in 27 S. W. (2d) 159.

The opinion states the case.

*Scott Reed* and *F. B. Kimbell,* both of Groesbeck, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

Appellant was with others at a still which was in operation,—that is, a fire was burning under the still, the mash was cooking, and whisky was running out of the coil into a container. This court is asked to hold that unless one present at the still is observed himself to take some affirmative action in such making, it would be the law that the jury should acquit. We must decline to so hold. It is shown in this record that after the fire is started under the still, there is nothing to do in the manufacture of whisky save to empty or change the container, during such making. We have much doubt of our right to say that upon facts showing the presence of one charged with making whisky, at a still which is in operation for a considerable length of time, the jury must acquit; or that they should be charged to acquit. It would be difficult to make such a statement in the abstract, without having before us the facts of a particular case: Suppose officers should secrete themselves near a still and for a considerable length of time watch such still, under which there was a gasoline fire and from the coil of which whisky was dripping into a fifty gallon container,—and near which apparatus during all this time sat a man who was then arrested, charged with and convicted of the manufacture of such liquor, who offered no defense save that his presence would not support the conviction. This much discussion is had because in cases where there is affirmative evidence that a crime had been committed by others who are present, and a person on trial is sought to be held as a principal in the crime upon the theory of his presence alone making him such principal, we have held in some cases that the jury should be instructed that mere presence alone would not make such person a principal. As indicated above, we would not be willing to make a general statement that mere presence would demand an acquittal. Such statement could very easily be misunderstood and misapplied.

There are a number of complaints evidenced by bills of exception in this record. When the officers raided the still which was in operation, it is shown by a bill of exception that appellant, being present, told said officers at once upon their arrival that he had no

interest in the still and no connection with it, and had only come to same to get a drink of whisky. The rejection of this testimony was error. Copeland v. State, 94 Texas Crim. Rep. 112; Belson v. State, 97 Texas Crim. Rep. 44; Foster v. State, 101 Texas Crim. Rep. 630; Flatt v. State, 111 Texas Crim. Rep. 485.

Bill of exception No. 11 sets up complaint of a statement made in the closing argument by the prosecuting attorney, which is as follows:

"The defendant's reputation was not put in evidence by the defense because he knows better for all those people that live there know Ab too well. The law will not allow the State to attack him unless defendant put his reputation in issue."

In said bill, and immediately following the quoted part of the argument, appears the following statement of facts:

"And defendant's reputation not having been put in issue by the defense, such statement or argument was not warranted by the evidence adduced and not in the record and was highly prejudicial to defendant and was calculated to inflame the minds of the jurors against defendant, and it was not responsive to, nor warranted by any statement or argument made by counsel for defendant."

This bill of exception is approved without qualification. We can not understand how a trial judge can certify in a bill of exception that the matters therein set forth as those stated in an argument were not warranted by the evidence; were not in the record; were highly prejudicial to defendant; were calculated to inflame the minds of the jurors against defendant,—and yet not grant a new trial and save the expense and delay incident to an appeal. Bills of exception 7 and 8 present similar complaints and each contains the same certificate of facts as that last above quoted appearing in bill of exception No. 11, and each thus manifest error. There are other complaints of argument, which will not likely occur upon another trial. We do not discuss the matters of newly discovered evidence set up in connection with the motion for new trial.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*