## Dock McKee v. The State.

No. 13584. Appeal dismissed June 25, 1930.
Reinstated October 29, 1930.
Rehearing by State denied January 28, 1931.
Reported in 34 S. W. (2d) 592.

The opinion states the case.

*Williams & Williams* of Mt. Pleasant, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

It is stated in the recognizance that appellant has been convicted of the offense of manufacturing intoxicating liquor. The conviction was for possessing intoxicating liquor for the purpose of sale. The recognizance is insufficient to confer jurisdiction upon this court. Read v. State, 4 S. W. (2d) 547.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—A proper recognizance having been entered into, the appeal is reinstated and the case considered on its merits.

Operating under a search warrant, officers discovered in appellant's private residence approximately 15 gallons of whisky. Fourteen gallons were found in the walls between the kitchen and bed room, and several pints were in the kitchen on the floor. Appellant's wife was present when the search was made. Leaving the

house, officers met appellant about half a mile up the road. Upon searching his car, they found parts of fruit jar cartons.

It was appellant's theory, given support in the testimony, that he had not been living at home for some time; that the whisky belonged to a man by the name of Gaddis who lived on the place; and that he (appellant) had no interest in the whisky.

Appellant alleged, in his first application for a continuance, that he was unready for trial because of the absence of his wife. It appears from the application that she was unable to attend court on account of illness, although she had been duly served with a subpoena. It was averred in the application that the absent witness would testify, if present, that prior to the time of the raid she had filed suit for divorce against her husband; that some time prior to the raid appellant had removed to the city of Dallas where he operated a cafe; that up until the time of the raid appellant had come home only a few times for the purpose of visiting his children; that one Grip Gaddis remained on the place and lived there during the absence of appellant, and was living in the house at the time of the raid. The affidavit of the witness showing that she would testify to the facts averred in the application was attached to the motion for a new trial.

The absent testimony was material as tending to show that Gaddis and not appellant was in possession of the whisky discovered by the officers. The court instructed the jury to acquit appellant if some one else placed the whisky in the house without the knowledge and consent of appellant. The fact that appellant and his wife were not living together in the house; that she had filed suit for divorce against him; that he had been living at Dallas for several weeks prior to the raid; and that Gaddis was living on the place, would tend to show that appellant was not in possession of the whisky. We are of the opinion that the learned trial judge fell into error in overruling the motion for a new trial in so far as it was based on the refusal to continue the case.

In his argument, the district attorney used language as follows:

"How that whisky got in the house and whose was it is not explained to you. Don't you know if you had been arrested like Dock McKee was for whisky being in your house that you would have had your wife here to testify in your behalf and explain how it got there and who it belonged to even though she was sick and you had to get feather beds and pillows and prop her up and bring her into court on a stretcher to testify; wouldn't your wife

have made a sacrifice though sick to come into court and explain how this whisky got in the house?"

Appellant objected to the argument. The trial court certifies to the following:

"There was attached to defendant's first application for a continuance a doctor's certificate dated February 11, 1930, the very day of the trial that the defendant's wife was sick in bed, not able to attend court due to a miscarriage. This showing was before the court but was not before the jury. The only showing before the court and jury was made by the witness Riley who had testified that she was sick and a doctor from Mount Pleasant was waiting on defendant's wife. This argument was highly prejudicial to rights of defendant and uncalled for."

Appellant's application for a continuance had been overruled. It was based on the absence of his wife, who was too ill to attend court. Under such circumstances, the district attorney was not warranted in pointing to the failure of appellant to use his wife as a witness, as a circumstance of guilt. The court certified that the argument was highly prejudicial and uncalled for. We think that it presents reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state's motion for rehearing does not appeal to us as presenting any good reason for changing the views expressed in our original opinion.

The court charged the jury that if the liquor found by the officers was put there by someone other than appellant he should be acquitted. The refusal of the continuance denied him evidence on that very issue.

Some question is raised in the state's motion as to whether bill of exception number twelve, complaining of the argument of the state's attorney, was properly understood by us, it being contended that the court did not certify that the argument was "prejudicial

and uncalled for," but that such was only the reason advanced by appellant's attorney in challenging the argument. We are quite sure the learned trial judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill to be as contended for by the state, but the bill is before us and must be appraised on its face. The portion of the bill referred to does not appear as ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as the statement of a fact. The bill is almost exactly like the one dealt with in Roberts v. State, 27 S. W. (2d) 159.

The certificate of the learned trial judge attached to the state's motion can not be considered. In Texas Jurisprudence, Vol. 4, Sec. 329, is found this text.

"A bill can not be impeached or contradicted by affidavits if it is not contended that the bill is not correctly copied into the record or that any fraud or artifice was practiced in securing its approval and if no question as to the jurisdiction of the appellate court is involved."

Supporting the text many cases are cited, notably Howard v. State, 77 Tex. Cr. R. 185, 178 S. W. 506. We call especial attention to the language in the opinion on rehearing in that case. See also Hemphill v. State, 72 Tex. Cr. R. 638, 165 S. W. 462, 51 L. R. A. (N. S.) 914; Magruder v. State, 47 Tex. Cr. R. 465, 84 S. W. 587.

If the statement that the argument complained of "was highly prejudicial to rights of the defendant and uncalled for" be eliminated from bill of exception number twelve the other recitals in the bill are sufficient to show that under the facts of the present case the argument complained of was improper. Apparently appellant had done all the law required of him to secure the presence of his wife (who had sued him for divorce). A continuance had been denied because of the wife's absence. The prosecuting attorney knowing this indulged in the argument set out in our original opinion. It was manifestly unfair and should not have been made nor permitted.

The motion for rehearing is overruled.

*Overruled.*