HERMAN REEVES V. THE STATE.

No. 13990.   Delivered February 18, 1931.

The opinion states the case.

*J. E. Bradley, Scott Reed, L. W. Shepperd* and *Ira Lawley,* all of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

In the condition of the record it is needless for us to discuss the questions raised. The attention of this court has been called to the proposition that the trial judge who tried this case has certified, over his signature, in substance, that certain arguments made in the trial of such case were duly objected to, were not warranted by the evidence, were not in the record, were highly prejudicial to the accused, and were calculated to inflame the minds of the jurors against the accused, and were not responsive to nor warranted by any statement or argument of counsel for the defendant. It is impossible for this court to conceive how any district judge can make such certificate and permit such case to come to this court on appeal at the expense of the people and delay in the trial of persons accused of crime.

We find in this record nine bills of exception, numbers 2 to 10 inclusive; each bill complaining of argument, and in each of them appears the following statement: "All of which statement or argument was not warranted by the evidence adduced, was not in the record, and was highly prejudicial to defendant, and was calculated to inflame the minds of the jurors against defendant, and it was not responsive to nor warranted by any statement or argument by counsel for defendant." Each bill further shows due objection. This court can do no less than to reverse cases when the certificate of the trial judge to the bill of exception certifices regarding the argument, to facts such as appear in the above quotation. It is to be hoped that more care will be exercised in the scrutiny of bills of exception in order that records may not come before us with such recitals in the bills of exception. If such recitals do not state the facts, they should not be approved. If such recitals are true, new trials should be granted.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*