DOCK TRAYLOR v. THE STATE.

No. 15170. Delivered March 2, 1932.

The opinion states the case.

*Bartlett, Harvey & Bartlett,* of Linden, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing a still for the manufacture of intoxicating liquor, punishment being one year in the penitentiary.

We find the record in rather a peculiar condition. There is no statement of facts on file. The court instructed the jury if they believed appellant had been employed by Alvin James to move the still in question, and that appellant had no knowledge that it was intended to be used for the manufacture of intoxicating liquor, to acquit him. We assume, therefore, that appellant presented the defense indicated in this instruction.

The only bill of exception found in the record complains of the language used by the district attorney in his closing argument. Ordinarily, the harmful effect, or otherwise, of an argument can not be determined in the absence of a statement of facts. Omitting the formal parts, the bill reads as follows: "* * * during the District Attorney's closing argument to the jury, while he was discussing the nature of defendant's defense in this case, among other things made use of the following language, to-wit: 'Gentlemen of the Jury, it has come to be commonly talked about the Courthouse here this week, among the lawyers, that they can concoct any sort of a flimsy excuse or pretext as a defense in a liquor case, and present it to the jury and you will turn the defendant loose.' The argument used, as above set out, was improper and prejudicial; was not invited by the appellant and not in reply to the argument of his counsel; was not pertinent to any issue raised in the trial of the case, not

pertinent to anything testified to on the trial of defendant. Such language and argument constituted testimony on the part of the district attorney, and was inflammatory, highly prejudicial, and calculated to injure the rights of the defendant, and was of such a nature to influence the jury in their deliberation on the guilt or innocence of the accused. And at the time such argument was made by the district attorney, objection was made thereto by counsel for defendant, in open court and a bill of exception taken to such course of argument, the effects of which could not be effaced by an instruction by the court to disregard it, * * *."

Whether the trial judge intended to do so or not (and we are inclined to think he did not so intend), it will be observed that he has in fact certified that the argument complained of was both improper and prejudicial, not pertinent to anything testified to in the trial, constituted testimony given by the district attorney, was calculated to injure the rights of appellant, and was of such nature as to influence the jury in determining the question of his guilt or innocence. With that certificate regarding the argument this court has no option but must reverse the judgment, even in the absence of a statement of facts. If the trial judge thought the argument was as bad as certified, a new trial should have been granted and the expense and delay of an appeal avoided.

A very similar condition was presented in the cases of Roberts v. State, 115 Texas Crim. Rep., 431, 27 S. W. (2d) 159; McKee v. State, 116 Texas Crim. Rep., 232, 34 S. W. (2d) 592.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Morrow, P. J., absent.