BUTCH GRIFFIN v. THE STATE.

No. 15236. Delivered June 1, 1932.
Reported in 50 S. W. ( 2d) 812.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, transportation of intoxicating liquor; the punishment, one year in the penitentiary.

Peace officers had information that the appellant would be transporting intoxicating liquor on the night in question. They received this information from the wife of the appellant and they stationed themselves on the road and saw the appellant in the car. They did not stop the appellant at the time they saw him drive along the road but followed him to his house and when appellant got out of the car and stepped up on the porch, one of the officers went up on the porch beside the appellant. The officer then saw a pint bottle sticking out of appellant's right hand coat pocket and the officer took the bottle out of appellant's pocket and said, "Well, Butch, what have you got?", and appellant replied, "Virge, you sure got me this time, I am loaded." The officers then searched appellant's car and found four 10-gallon kegs and five 1-gallon jars of whisky. It was shown that the officers did not have a search warrant.

The appellant did not testify as a witness in his own behalf and no affirmative defense is shown under the evidence.

Bill of exception No. 2 begins as follows: "Be it remembered that upon the trial of the above styled and numbered cause, that the court erred to the injury and prejudice of the defendant in permitting the witness Virge Foster, Sheriff of Eastland County, who was offered by the State, to testify against the defendant touching upon a search of defendant's premises and automobile on the premises of defendant and private residence of defendant after the witness stated that he did not have a search warrant to search said premises, because such testimony is illegal, unlawful, and in violation of the constitution and laws of the State of Texas." The certificate of the trial judge is as follows: "The foregoing bill of exception is approved and ordered filed as part of the record in this case."

Bill of exception No. 3 begins in the exact words as bill of exception No. 2, except that it complains of permitting the witness, Steele Hill, deputy sheriff of Eastland County, to testify to the same facts. It has the same certificate of the trial judge.

Bill of exception No. 4 begins exactly as do Nos. 2 and 3 and has the same certificate of the trial court.

It will be noted that in each of said bills the court certified that the court erred to the injury and prejudice of the defendant in permitting the introduction of testimony therein complained of and further that such testimony was illegal, unlawful, and in violation of the constitution and laws of the state of Texas. While we feel that the learned trial judge did not intend to certify that he erred in receiving the evidence offered by the state referred to in said bills of exception, and that the reception of such evidence was injurious and prejudicial to appellant, we must appraise the bills as presented in the record with the recitals mentioned. The portions of the bills referred to do not appear as grounds of objection to the admission of the testimony complained of nor as reasons for excepting to the ruling of the court but appear as statements of fact certified to by the trial judge. He in no way undertakes to qualify any of said bills. We think that all three of the bills, as presented, show reversible error. See McKee v. State, 116 Texas Crim. Rep., 232, 34 S. W. (2d) 592; also Roberts v. State, 115 Texas Crim. Rep., 431, 27 S. W. (2d) 159.

We have no desire to unduly criticize, but as said in the cases cited, it would be a saving of time and trouble if the trial court had granted a new trial, instead of letting this case come here and we be compelled to reverse same.

Bills of exception 1 and 5 do not present reversible error.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.