EWELL LEMONS V. THE STATE.

No. 16980. Delivered October 31, 1934.
Reported in 75 S. W. (2d) 878.

The opinion states the case.

*Gib Callaway,* of Brownwood, and *Sam McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $100 and confinement in jail for thirty days.

The opinion on former appeal is found in 62 South Western, Second Series, at page 128.

The issue of guilt was closely contested. The testimony of Roy Allen, the injured party, was in substance as follows: While he and appellant were at a dance appellant cursed him and knocked him down. He got out from under appellant and struck at him with his fist. On the difficulty being renewed, appellant stabbed him with a knife.

According to appellant's witnesses, Allen made the first attack, and hitting appellant with his fist, knocked him down. As appellant got up Allen knocked him down again, and thereupon appellant cut him with a knife.

It is shown in bill of exception No. 1 that in his closing argument the district attorney used language as follows:

"This fellow (meaning the defendant) was out there insulting American girls and should be punished."

The bill embraces objections to the argument on the ground that the statement of the district attorney was not warranted by the evidence, was prejudicial to the rights of the appellant and was in effect direct testimony by the district attorney, in the absence of any proof supporting the statement, that appellant had been guilty of insulting American girls. We find in the bill the following certificate of the trial judge: "The defendant was upon trial for aggravated assault, alleged to have been committed upon one Roy Allen by cutting him (the said Allen) with a knife, and the defendant was not charged with any offense other than the offense of aggravated assault, and the argument was prejudicial to the rights of the defendant, and was calculated to inflame the minds of the jury against the defendant."

It appears from the bill that the court overruled appellant's objections, and declined to submit a written requested instruction to the jury to disregard the argument.

In view of the certificate of the trial judge to the effect that the argument was prejudicial and calculated to influence the minds of the jury against appellant, we are constrained to hold that the bill of exception manifests reversible error. In

Traylor v. State, 47 S. W. (2d) 310, Judge Hawkins, speaking for the court, used language as follows:

"Whether the trial judge intended to do so or not (and we are inclined to think he did not so intend), it will be observed that he has in fact certified that the argument complained of was both improper and prejudicial, not pertinent to anything testified to in the trial, constituted testimony given by the district attorney, was calculated to injure the rights of appellant, and was of such nature as to influence the jury in determining the question of his guilt or innocence. With that certificate regarding the argument, this court has no option, but must reverse the judgment, even in the absence of a statement of facts. If the trial judge thought the argument was as bad as certified, a new trial should have been granted, and the expense and delay of an appeal avoided."

See Roberts v. State, 27 S. W. (2d) 159; McKee v. State, 34 S. W. (2d) 592; Miller v. State, 36 S. W. (2d) 158; Bryan v. State, 70 S. W. (2d) 715.

It is observed that appellant received more than the minimum penalty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.