A. D. ROBERSON V. THE STATE.

No. 18262. Delivered May 20, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*Jack P. Bond,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery with firearms is the offense; penalty assessed at confinement in the penitentiary for five years.

The statement of facts on file with the record does not bear the signature of the judge who tried the case. However, accompanying the record is the affidavit of the trial judge to the effect that the statement of facts was prepared within the time required by law and filed with the clerk of the court; that it was the intention of the judge to sign and approve the statement of facts, but through some oversight he failed to do so. On the subject, we quote from Tex. Jur., Vol. 4, p. 420, sec. 287:

"As a general rule, a statement of facts which is not approved and signed by the judge will not be considered on appeal, a certificate of the stenographer alone being insufficient. A statement will be considered though it is not approved or signed where the judge certifies that he intended to approve it and thought and believed that he had done so until his attention was called to the matter, and that the omission was due to oversight."

Therefore, the statement of facts in the present instance will be considered in connection with the record.

The State's theory, based upon the testimony of Mrs. Churchwell and Mrs. Jordan, is to the effect that they were

robbed of certain diamond rings; that the appellant was present at the robbery and that he was a principal in the commission of the offense. Appellant claimed that as he and a companion were riding in an automobile together with Mrs. Churchwell and Mrs. Jordan, they were all held up and the two women were robbed of their diamond rings. It is the State's theory that the appellant was a *particeps criminis* in that he had conspired with the robbers to aid them in the commission of the offense. This theory was combatted by appellant upon the claim that he was entirely free of any *criminal act or intent.*

There are five bills of exception in the record, all of them carrying the complaint that there was improper argument on the part of the State's Attorney.

In Bill of Exception No. 2 the statement is made that the County Attorney, in his closing argument, used the following language:

"That Tommie Smelker is roaming the streets of Kaufman free right now, and that you know that Tommie Smelker was present at the time of the robbery."

According to Bill No. 3, the County Attorney made the following argument to the jury:

"This defendant is a menace to the society and county and I know that you are going to say, 'Now, young man, you have done enough in this county, and we are going to send you down yonder.' "

Bill No. 4 complains of the following argument of the Assistant County Attorney:

"That you (meaning defendant) took the distributor cap or knew it was taken off the car so that it would not run."

In each of the bills of exception the trial court certifies that the argument made was with reference to a matter not in evidence and was inflammatory and prejudicial to the rights of the appellant. Moreover, it is shown in said bills that appellant timely and properly objected to the argument.

In view of the record, we are constrained to hold that reversible error is presented. Therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is insisted that we misconstrued the bills of exception upon which reversal was predicated. The State

urges that they are not subject to the construction that the court certified matters complained of in argument were not in evidence and that the argument was inflammatory and prejudicial. We refer to bill of exception number two as illustrative of the four bills complaining of matters occurring in argument. Said bill number two, after a short statement of the facts in evidence, recites that the county attorney in his closing argument to the jury stated:

"* * * 'Tommie Smelker is roaming the streets of Kaufman free right now, and that you know the association of this defendant with Tommie Smelker, and you know that Tommie Smelker was present at the time of the robbery.' Said statement was objected to by the defendant's attorney on the ground that there was no evidence of Tommie Smelker roaming the streets of Kaufman and there was no evidence as to Tommie Smelker's character as well as his associations with this defendant, nor was there any evidence introduced in which the reputation of this defendant was an issue in this case, and because such argument was the unsworn statement of the county attorney, with no evidence to sustain same, and was inflammatory, prejudicial, and improper * * * that upon such argument made and objected to the Court instructed the county attorney to stay within the record, to all of which defendant's counsel objected and excepted in open court, and the Court stated that he would give defendant a full bill. * * *"

It will be seen that down to this point in the bill the argument is set out and the reasons stated upon which objections were interposed and then the action of the court with reference to said objections. The bill then continues, as follows:

"* * * That such argument was with reference to a matter not in evidence and was inflammatory and prejudicial to the rights of this defendant and was improper, and defendant tenders this bill of exception and asks that same be approved and filed as a part of the record in this case."

Bills of exception numbers one, three and four also complain of arguments of the county attorney, and after setting out in each bill what said argument was and the reasons upon which objections thereto were based, and the ruling of the court thereon, there appears the same certificate in effect as that stated above. The bills are peculiarly drawn but where doubt exists in our own mind with reference to the effect of the bill we must give the benefit of that doubt to appellant. It was no doubt not the purpose of the court to certify as a fact that the matters referred to in the various arguments

were not in evidence, nor that the arguments were inflammatory and prejudicial to appellant's rights, but as was said in McKee v. State, 116 Texas Crim. Rep., 232, 34 S. W. (2d) 592, we must construe the bills as found in the record. For other authorities relating to bills of exception the same in substance as those here, see Roberts v. State, 115 Texas Crim. Rep., 431, 27 S. W. (2d) 159; Jeters v. State (Texas Crim. Rep.), 77 S. W. (2d) 231; Griffin v. State, 121 Texas Crim. Rep., 171, 50 S. W. (2d) 812. The holding in the cases referred to was modified in Pounds v. State (Texas Crim. Rep.), 81 S. W. (2d) 698, but the conditions .in regard to the bill of exception in that case does not appear in the present one. There a bill itself complaining of the argument set out the entire testimony and we held that where the bill itself set out the evidence that the conclusion of the trial court that the argument was inflammatory and prejudicial would not be binding, for this court was in a position itself to determine whether the argument was inflammatory and prejudicial. Such is not true with reference to the bills in the instant case, and we are bound by the certificate incorporated in the bills.

The State's motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.