JAMES HART and DEE HART v. THE STATE.

No. 19912.   Delivered November 30, 1938.

The opinion states the case.

*Marvin P. McCoy,* of Houston, *P. J. Alexander,* of Smithville, and *Leo C. Brady,* of Houston, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary; the punishment assessed is confinement in the State Penitentiary for a term of 2 years.

Appellants have quite a number of bills of exceptions in the record in which they complain of certain rulings of the trial court. Some of these bills are defective and insufficient to require consideration by this Court. Therefore in disposing of this case, we shall confine ourselves to a discussion of such questions as are properly presented for review.

Bill of exception number three reads as follows: "Be it remembered upon the trial of the above numbered and entitled cause that that portion of the Court's charge wherein it submitted to the jury the question of whether or not, the witness Sandy Tolbert was an accomplice, was erroneous in that the uncontradicted testimony shows that the witness Sandy Tolbert was an accomplice and the same was not a question of fact to be determined by the jury but a question of law to be determined by the Court, and the defendants were entitled to an instructed verdict of not guilty * * * . To all of which defendants objected and the same constitutes a fundamental error which should require a reversal of this case."

The certificate of the trial judge is as follows: "Submitted, examined and approved this the 13 day of May, A. D. 1938."

Bill of exceptions numbers six and nine are in the same condition.

It will be noted that in each of said bills the court certifies that he committed error. It may be that the learned trial judge did not intend to certify that he erred in the respects stated in the bills. However, we must appraise them as presented by the record with the recitals therein. The court in no way undertook to modify or qualify any of said bills. Consequently this Court has no option but to reverse the cause under the holdings in the following cases. See Reeves v. State, 117 Texas Crim. Rep. 279, 35 S. W. (2d) 713; Griffin v. State, 50 S. W. (2d) 812; Rehm v. State, 128 Texas Crim. Rep. 59; Lemons v. State, 75 S. W. (2d) 878.

Appellant questions the sufficiency of the evidence by which the State sought to corroborate the accomplice. This, in our opinion, presents a serious question, but one which we do not deem necessary to discuss at this time.

Without entering upon a discussion of the court's charge, we deem it proper to suggest that upon another trial, the court should so draw his charge as not to require the jury to convict both defendants in case they might believe only one of them to be guilty.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.