ED SMITH V. THE STATE

No. 20080.   Delivered January 11, 1939.

The opinion states the case.

*J. Alton York,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment, confinement in the penitentiary for five years.

The testimony of appellant and that of witnesses he introduced raised the issue of alibi. One of appellant's material witnesses had served a term in the penitentiary. The district attorney admitted that the witness was competent, under the statute and the decisions of this court construing the statute as not having the effect of disqualifying persons convicted of felonies since the enactment of such statute, notwithstanding the citizenship of such convicts had not been restored. Over appellant's proper objection, the district attorney asked the witness if he had "a paper signed by the Governor with the seal" restoring his citizenship. It is inferable from the bill of exception that the witness answered that his citizenship had not been restored. The district attorney then said: "I am not going to ask that his testimony be excluded from the jury but I wanted to get that before that jury which I was entitled to do. I am not going to make any objection to his testimony because there is no inhibition in the statute in regard to the testimony of a convict or ex-convict." The court certifies in the bill of exception as follows: "This statement was highly inflammatory and prejudicial to the defendant and to the witness. This was a statement made with design on the jury, and in the presence of the jury, and arguing on the question before the jury, and in its presence stating law questions, but no other motive and design than poisoning and prejudicing the jury against the witness and more particularly, the defendant. The court allowed this bill of exception but the harm had been done. The district attorney well knew that such statements and argument was improper before the jury, as same was filled with nothing but prejudice."

It was proper to show for the purpose of impeachment that the witness had served a term in the penitentiary, but it was immaterial whether his citizenship had been restored. The jury might have concluded that the failure of the Governor to restore his citizenship indicated that he was not worthy of enjoying the rights of a citizen, notwithstanding he had paid the penalty for the offense of which he had been convicted. It follows that we are of opinion that the trial court was in error in overruling appellant's objection. At all events, the certificate of the trial court to the effect that the testimony was highly inflammatory and prejudicial is taken into account in holding that the bill of exception reflects reversible error. In short, in view of the certificate of error, we are constrained to order a reversal of the judgment. In McKee v. State, 34 S. W. (2d) 593, Judge Hawkins, speaking for the court, used language as follows: "We are quite sure the learned trial

judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill to be as contended for by the State, but the bill is before us and must be appraised on its face. The portion of the bill referred to does not appear as a ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as a statement of a fact."

See also Traylor v. State, 47 S. W. (2d) 310; Horton v. State, 61 S. W. (2d) 843; Bryan v. State, 70 S. W. (2d) 715; Reeves v. State, 35 S. W. (2d) 713.

The judgment is reversed and the cause remanded

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.