## EDDIE BUTLER V. THE STATE.

No. 20875.   Delivered March 13, 1940.

The opinion states the case.

*Conrad E. Smith* and *Allen K. Pattillo,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to rape; the punishment, confinement in the penitentiary for 100 years.

Prosecutrix is a white woman and appellant, a negro. It is shown in bill of exception No. 1 that in argument to the jury one of counsel for the State used language as follows:

"I want you to write a unique verdict, a verdict that can be blazon across the head lines of every newspaper in the nation, that will make his kind (referring to appellant) think before they commit such an offense. In this case you can not give him a death penalty, but I want you to write a verdict of 999 years. This kind of verdict will prevent his kind from Texas justice, that of dangling on the end of a ten-foot rope."

Appellant's objection to the argument was sustained and the court instructed the jury not to consider the remarks of counsel for the State. We find in the bill of exception a certificate by the trial judge as follows: "The above statement of Mr. Winborn in connection with his continuous reference to

544

"Texas justice" together with the statement 'dangling upon the end of a ten-foot rope,' were highly inflammatory, highly prejudicial and so inflamed the minds of the jury, causing them to bring in a verdict of 100 years in the penitentiary." The bill of exception was approved without qualification, and is similar to the bill dealt with in Roberts v. State, 27 S. W. (2d) 159, wherein the trial court certified that certain argument by counsel for the State was highly prejudicial and calculated to inflame the minds of the jury against the accused. In that case it was held that in view of the certificate of the trial judge the bill of exception reflected reversible error. In McKee v. State, 34 S. W. (2d) 592, Judge Hawkins used language as follows: "We are quite sure the learned trial judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill as contended for by the State, but the bill is before us and must be appraised on its face. The portion of the bill referred to does not appear as ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as the statement of a fact. The bill is almost exactly like the one dealt with in Roberts v. State (115 Tex. Cr. R. 431), 27 S. W. (2d) 159." See also Douglas v. State, 104 S. W. (2d) 874, and authorities cited.

In view of the certificate of the trial judge to the effect that the argument was "highly inflammatory, highly prejudicial and so inflamed the minds of the jury" as to cause them to bring in a verdict of 100 years, we are constrained to hold that the bill of exception presents reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.