BRYANT WILLIAM BOWLES, JR. V. STATE.

No. 30,374. March 11, 1959.
Motion for Rehearing Overruled May 20, 1959.
Second Motion for Rehearing Overruled June 24, 1959.

MORRISON, Presiding Judge, concurred.

DAVIDSON, Judge, dissented.

*Baldwin & Goodwin*, Beaumont, *E. B. Votaw*, Vidor, and *Percy Foreman*, Houston, for appellant.

*Robert S. Coe*, District Attorney, *Earl Stover*, County Attorney, Kountze, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, life.

The testimony of the state shows and the appellant while testisfying in his own behalf admitted that he shot the deceased in the left side of the neck with a shot gun causing his death. However, appellant testified that he shot in self-defense.

The court charged the jury on the law applicable to self-defense both as to real and apparent danger.

The jury resolved the issue of fact against the appellant and the evidence is sufficient to support its verdict.

By Formal Bill of Exception No. One, appellant contends that the trial judge committed reversible error when, in the presence of the jury during the taking of testimony, he used the microphone which was connected with loud speakers in the courtroom and said:

"Just a minute counsel. The sheriff tells me that we have had a killong over at Honey Island and several people have been injured and one killed and they need the District Attorney very bad for about ten minutes."

At the time of the remarks appellant made no objection but

moved for a mistrial on the grounds that the judge's remarks were so prejudicial that they could not be cured.

It is further certified in the bill:

"And be it further remembered that after the court refused to declare a mistrial for the remarks made by the court, that the counsel for the defendant excepted to the failure to (sic) the Court to declare a mistrial and said remarks were so manifestly improper that their effect could not be withdrawn from the jury * * * ."

The court qualified the bill to show that he had been misinformed when he made the remarks complained of and it was only developed after the case was concluded that no one had been injured although one person had been killed; that when the jury returned to the courtroom, he, on his own motion, instructed the jury not to consider during its deliberations the remarks of the occurrence happening in the county; and that the jury was not informed any further concerning the occurrence contained in the remarks after they had been made.

The occurrence related in the remarks of the judge did not directly or indirectly refer to the case on trial or to any person connected with it except the sheriff and the district attorney whose duty it was to look after such matters. The locale of Honey Island referred to in the remarks is not shown to be the scene of the crime here charged or to have any connection with the accused, the deceased or any witness. The remarks were totally disconnected with the facts and circumstances of the case and could not be, given any application that would be reasonably calculated to prejudice the rights of the appellant. The isolated remarks neither pointed to nor furnished anything which would reasonably cause the jury to be influenced against the appellant.

In Cole v. State, 157 Texas Cr. Rep. 469, 250 S.W. 2d 201, the daughter of a member of a jury in a murder case was, under orders of the trial judge, brought to the jury room, where she informed her father at the door, and in the presence and hearing of the other members of the jury, that she had been attacked by a trusty at the jail, and had been examined by a doctor who said that she was all right. We said:

"A fairly safe rule would be to say that, if the matter brought to the juror's attention while serving on the jury bore such similarity to the case on trial that it would reasonably be ex-

pected to influence him against the accused, then the verdict of such a jury cannot be allowed to stand. An excellent illustration of what can occur that will cause injury to the accused is found in Means v. State, 100 Texas Cr. Rep. 1, 271 S.W. 613. There, the case involved was that of a Negro charged with killing a white man. While the case was in progress, the sheriff and his deputy went out to arrest a colored man for bootlegging. The suspect resisted arrest, killed the deputy sheriff, wounded the sheriff and was killed himself. After the jury had retired to consider their verdict, the bodies of the deputy sheriff and the colored man were brought and spread on the courthouse lawn just outside the jury room. A large crowd assembled and, within the hearing of the jury, loudly condemned Negroes generally for killing white men. There, we concluded that the incident was necessarily hurtful in the case of the accused then on trial. Since there was no similarity between the case on trial and the matter brought to the juror's attention, we conclude that the trial judge was warranted in finding that they were not so influenced."

Although the court certified in the bill that such remarks were so manifestly improper that their effect could not be withdrawn from the jury, yet, all the facts surrounding the matter complained of are before this court and it appears that they do not warrant the conclusion that reversible error is shown.

Bill of Exception No. Two recites that Wyatt Baldwin, of defense counsel, had quoted a verse from the Bible in his argument to the jury, and the district attorney, in closing, said in part as follows:

"We are thankful in this great country that we are a Christian Country only because in that book that he tells you about (speaking of defense counsel) and I hate to be called on and tell a defense lawyer [Baldwin] that they don't live by the Bible quoted."

The court made no ruling on appellant's objection that such argument was manifestly improper and outside the record, but did respond to his request to instruct the jury not to consider it for any purpose and then overruled his motion for a mistrial.

In the absence of a showing of the contents of the verse quoted by counsel, the charge that he didn't live by the "Bible quoted" cannot be construed as prejudicial. It is a common

belief that only One is perfect. This, in connection with the court's instruction to the jury not to consider such argument, fails to show error. The conclusion of the trial court under the record is not binding upon this court.

In Bill of Exception No. Four, appellant complains of the following closing argument to the jury by the district attorney:

"* * * It's not the District Attorney, but the facts in the case which scares these lawyers. It's the facts they don't want to talk about because Wyatt Baldwin has got more legal knowledge in his little finger than I will obtain in my lifetime.

"And as he apologized for his conduct, and that's for his defendant, Bryant William Bowles, Jr., is the picnic that he's been having in this courtroom throughout the trial in passing water to the Jurors, which the court had instructed him not to do, passing cigars and jumping up, and he's on a picnic. I tell you, Bryant Bowles, and to you it was disgusting.

"As to you [Baldwin-of defense counsel], it was a disgrace to the law profession as we practice it and know it in the State of Texas."

over his objection that it was manifestly improper.

Here again, appellant's exception above the court's signature on the bill precludes the consideration of the court's qualification.

The statement of facts approved by both the attorney for the state and the appellant and also the trial judge shows that during the taking of the testimony in the presence of the jury the following occurred:

"THE COURT: What's going on?

* * *

"THE COURT: Is there something the matter involving the case.

"MR. BALDWIN: No, No, Your Honor, nothing about the facts in the case.

"THE COURT: You know the serious consequences of flirting with the Jury.

"MR. BALDWIN: Yes, sir.

"THE COURT: You're experienced enough to know.

"MR. BALDWIN: Well, I beg the Court's pardon, and the Jury's pardon.

"THE COURT: Don't say anything else to the Jury—

"MR. BALDWIN: I didn't say anything about—

"THE COURT: Whether it's about the case or not.

"MR. BALDWIN: I shouldn't have said anything; you're correct.

"THE COURT: All right. Have a seat now and conduct yourself as you know how.

\* \* \*

"THE COURT: Just a minute, please. Will you gentlemen kindly step back at least one foot from the rail behind the jury box. Please stay back there. Don't lean up on the rail. This Jury has got to be kept strictly away from any outside influence at all.

"MR. BALDWIN: Your honor, I did say something about the time to this juror, not anything about the case, and I shouldn't have said that. I got some ice there. I want to beg the Court's pardon and the Jury's pardon for saying that. I shouldn't have done it.

"THE COURT: I accept your apologies. Everything will be all right. Just don't let it happen again.

"MR. BALDWIN: All right."

It is apparent that the district attorney's remarks related to the occurrences during the taking of testimony as set out above in the presence of the jury, for which counsel apologized to the court and jury. These matters furnished sufficient basis for the argument therefore no error is shown.

Error is urged in the admission of that portion of appellant's testimony given on his habeas corpus hearing to obtain

bail wherein he testified that he had borrowed $800 from the deceased and owed him $59 of the loan at the time he killed him, over his objection that it was an attempt to impeach him by showing such loan when there was no issue that money had any bearing on the killing.

Appellant, testifying in his own behalf on the main trial, stated that he had borrowed $800 from the deceased and still owed him $59 at the time of his death.

The testimony showing the relationship existing previously and at the time of the killing between the appellant and the deceased was admissible. Art. 1257a, Vernon's Ann. P.C.; Brinkley v. State, 161 Texas Cr. Rep. 413, 277 S.W. 2d 704. The introduction of the same evidence testified to by the appellant on the habeas corpus hearing as that testified to by him on the main trial does not show error.

Appellant complains of the following question by the district attorney and answer thereto by the state's witness:

"Q. I'll ask you if after May 4th, 1958, to the day of this trial, that you have received any type of threat or anything about — coming from Mr. Bowles? A. I did."

No objection was made to the question. The answer thereto was given without objection. There is nothing to show that appellant's counsel did not have the opportunity to object to the question or answer.

Following the question and answer appellant was granted permission to develop the testimony of said witness pertaining to the threat in the absence of the jury. It was shown that the appellant did not directly communicate with the witness but another person relayed the communication to him. At the conclusion of the voir dire examination of said witness the court instructed the district attorney not to further pursue the matter. Appellant then moved for a mistrial which was overruled. Nothing further appears in the record pertaining to the threat.

Appellant did not seek to have the testimony withdrawn but took the position when he moved for a mistrial as he does before this court that an instruction by the court to the jury could not cure the error.

Appellant, by his failure to object when he had an oppor-

tunity to do so, waived any error in the admission of the testimony mentioned. Renfro v. State, 156 Texas Cr. Rep. 400, 242 S.W. 2d 772; Gephart v. State, 157 Texas Cr. Rep. 414, 249 S.W. 2d 612; Curry v. State, 161 Texas Cr. Rep. 283, 276 S.W. 2d 832.

Finding no reversible error the judgment of the trial court is affirmed.

Opinion approved by the Court.

MORRISON, Presiding Judge, (concurring).

I join in the approval of the opinion of affirmance, but would add the following in which Judge Woodley concurs.

Bill of Exception No. 2 in which the prosecutor said, "I hate to be called on and tell a defense lawyer that they don't live by the Bible quoted," is the one which certifies:

"When in truth and in fact said remarks were so prejudicial and inflammatory same could not be cured."

Had such a certificate appeared in Bill of Exception No. 4, then another question would have been presented so far as the writer is concerned. But, appearing as it does in Bill No. 2, I cannot bring myself to agree with the certificate of the trial judge.

This court has held in a great number of cases that we are not bound by any certificate of the court where we have the entire matter complained of before us. In addition to those cases cited in Judge Belcher's opinion, attention is directed to McGee v. State, 155 Texas Cr. Rep. 639, 238 S.W. 2d 707; Mayberry v. State, 156 Texas Cr. Rep. 101, 239 S.W. 2d 111, and the more recent cases cited in Texas Dig., Crim. Law 1111(4) & (5). Also, in McCune v. State, 156 Texas Cr. Rep. 207, 240 S.W. 2d 305, we said:

"* * * we are in a position to pass on the question of whether the introduction of such exhibit would have materially altered the verdict and are not bound by the trial court's conclusion."

In Sublett v. State, 158 Texas Cr. Rep. 627, 258 S.W. 2d 336, we said:

"We will be bound only by certificates from the trial court as to facts. The question was asked. This fact is certified in the bill and is binding on this Court. The trial judge's conclusion as to the 'resulting implication' is not binding on this Court. The facts are before us as they were before the trial judge. We alone reserve the right to pass upon what effect those facts had upon th trial of the accused.

\* \* \* \* \*

" \* \* \* We have read the record carefully and do not agree with such conclusion of the trial judge and decline to be bound thereby."

See also Hanna v. State, 159 Texas Cr. Rep. 2, 259 S.W. 2d 570, and Free v. State, 165 Texas Cr. Rep. 374, 307 S.W. 2d 808.

DAVIDSON, Judge, (dissenting).

I can not agree that this court should have one rule for the state and a different rule for the appellant, under the same circumstances.

Here, in a bill of exception, the trial court recognized as improper the argument of state's counsel by sustaining the appellant's objection and withdrawing that argument from the jury's consideration.

In the face of the bill of exception complaining that the argument so made and withdrawn was so obviously harmful that the effect thereof could not be withdrawn from the jury's consideration, the trial court made this certificate referring to the argument, viz.:

"When in truth and in fact said remark_ were so prejudicial and inflammatory same could not be cured."

The trial court having noted appellant's exception to the qualification appended, the bill of exception is to be appraised without the qualification.

So here is a bill of exception wherein the trial court certified that argument was made by counsel for the state which was so erroneous that he withdrew it from the jury's consideration and instructed the jury not to consider it. After having withdrawn the argument, the trial court certified that the prejudicial and harmful effect thereof could not be cured. Thus the trial

court certified that prejudicial and harmful error was committed against the appellant upon the trial of the case.

It is no answer to that situation to say that the certificate of the trial court was not true or that he was mistaken therein, or that to accept the trial court's certificate as true would be to reverse this conviction upon a mere technicality.

The trial court was present and presided over the trial; he heard the argument; he deemed it improper and hurtful to the appellant; and he certified that the harm done to appellant by the argument was not cured by withdrawal thereof.

This court has no authority to say that the trial court did not know what he was doing when he signed the bill of exception and thereby made the certificate of error.

This court appears to have no trouble in accepting and strictly enforcing a certificate in a bill of exception when it is against the appellant. As evidence of such fact, I need but call attention to the uniformity with which this court, without reservation, has enforced against the appellant the trial court's qualification to a bill of exception. See 13A, Texas Digest, Criminal Law, Key 1111(3) for authorities.

If it be right and proper to hold the appellant strictly to the bill of exception and the certificate contained therein, the same rule ought to apply to the state. Any other rule would be discriminatory.

But such is not recognized here, for according to the majority opinion in this case the state is not held to the certificate of error in the bill of exception referred to.

There was a time when this court gave to certificates of error against the state the same strict following as it did certificates against the appellant. I call attention to the case of Roberts v. State, 115 Texas Cr. Rep. 431, 27 S.W. 2d 159. In that case, as here, the error certified in the bill of exception related to the harmful and prejudicial effect of argument of state's counsel. As there pointed out, the bill of exception certified as follows:

" 'And defendant's reputation not having been put in issue by the defense, such statement or argument was not warranted by the evidence adduced and not in the record and was highly

prejudicial to defendant, and was calculated to inflame the minds of the jurors against defendant, and it was not responsive to, nor warranted by any statement or argument made by counsel for the defendant.' "

Speaking through Judge Lattimore, here is what the court said in that case relative to such certificate in the bill of exception:

"We cannot understand how a trial judge can certify in a bill of exceptions that the matters therein set forth as those stated in an argument were not warranted by the evidence; were not in the record; were highly prejudicial to defendant; were calculated to inflame the minds of the jury against the defendant—and yet not grant a new trial and save the expense and delay incident to an appeal."

In the instant case the certificate of the trial court as contained in the bill of exception referred to is, to all practical purposes, the same. Here, instead of overruling the objection that the argument was manifestly improper and outside of the record, the trial court sustained appellant's objection, thereby holding that the argument was subject to the objection.

That the trial court instructed the jury to disregard the argument is shown by the bill of exception which certifies that the trial court said:

" '* * * And, of course, that remark—I have been requested to instruct you to disregard it, and I do ask you to disregard it because it is out of the record * * *.' "

After sustaining the objection to the argument and after having withdrawn the same from the consideration of the jury, the trial court further certified that the argument was so prejudicial and inflammatory that it could not be cured.

The holding in the Roberts case directly supports appellant's contention, here, that the trial court has certified prejudicial error in the bills of exception. Other cases supporting the holding are: Reeves v. State, 117 Texas Cr. Rep. 279, 35 S.W. 2d 713; Lemons v. State, 127 Texas Cr. Rep. 235, 75 S.W. 2d 878; Traylor v. State, 120 Texas Cr. Rep. 277, 47 S.W. 2d 310; Roberson v. State, 131 Texas Cr. Rep. 60, 95 S.W. 2d 443; Hart v. State, 135 Texas Cr. Rep. 565, 122 S.W. 2d 193; and Smith v. State, 136 Texas Cr. Rep. 53, 123 S.W. 2d 655.

The words of Judge Hawkins in the Traylor case, supra, express my views here:

"With that certificate regarding the argument, this court has no option, but must reverse the judgment, even in the absence of a statement of facts. If the trial judge thought the argument was as bad as certified, a new trial should have been granted, and the expense and delay of an appeal avoided."

Another bill of exception shows that appellant sought a mistrial as a result of a statement or remark by the trial court during the trial of the case. The motion for mistrial was overruled.

That bill of exception contains the following certificate:

"And be it further remembered that after the court refused to declare a mistrial for the remarks made by the court, that the counsel for the defendant excepted to the failure to the court to declare a mistrial and said remarks were so manifestly improper that their effect could not be withdrawn from the jury * * *."

What I have said touching the other bill of exception and the certificate of error contained therein applies to the above mentioned certificate of error.

Thus we have *two* bills of exception in this case wherein the trial court certified that prejudicial error was committed upon the trial of this case.

I am not unmindful of the recent cases in which this court refuses to be bound by a certificate of error by the trial court in a bill of exception, as pointed out in the concurring opinion. Those cases are wrong; they should never have been announced. The earlier cases announced the correct rule and ought to be followed.

To my mind, it is unthinkable that this court will accept the certificates of a trial court when they favor the state and are against the appellant and refuse to accept a certificate which is in favor of the appellant and against the state.

When a trial court makes a certificate in a bill of exception, it is binding on this court and ought to be enforced with inflexible fidelity.

I dissent.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant complains of our disposition of his Bills of Exception Nos. 2 and 4, which relate to argument.

The remark of the district attorney "and I hate to be called on and tell a defense lawyer that they don't live by the Bible quoted" was objected to on the ground that same was manifestly improper and was outside the record. The trial court instructed the jury to disregard the remark. Appellant then moved for mistrial, which was overruled.

While we do not approve the argument, we find no such error therein which, in view of the entire record, would warrant a reversal. The absence of a showing as to what appellant's counsel had argued does not affect our holding.

The serious question arises from the certification in the bill which follows the court's instruction to the jury to disregard the complained of remark:

"Whereupon counsel for the defense *contended to the Court* that said statement was so prejudicial and inflammatory that same could not be cured by instruction of the Court and moved the Court to declare a mistrial *on the grounds* that the remark was so highly prejudicial and manifestly improper that their effect could not be withdrawn from the jury, which motion the Court *overruled.* When in truth and in fact said remark were so prejudicial and inflammatory same could not be cured."

The trial judge qualified the bill and declined to certify that "the remark was prejudicial and inflammatory to the extent any injury caused thereby could not be cured by instructions by the Court as stated in the bill."

Appellant excepted to the qualifications and, the trial court not having prepared and filed his own bill, Bill of Exception No. 2 must be considered as though allowed without qualification.

It does not follow that we must construe the language of the bill as certifying error requiring that the conviction be set aside. The most recent authorities cited on original submission are deemed to support our holding to the contrary.

We overrule the contention that appellant was denied the constitutional right to be confronted by the witnesses against him or the right to cross-examine such witnesses by the argument complained of in Bills 2 and 4.

Bill No. 2 shows that the complained of remark was withdrawn and the jury instructed to disregard it.

Bill No. 4 shows that the remarks related to conduct of defense counsel charged to have occurred in the presence of the jury. The argument therefore injected no facts with which the jury was not already familiar.

The majority remain convinced that the argument complained of was not of such prejudicial nature as to have materially affected or altered the jury's verdict.

Appellant's motion for rehearing is overruled.